PER CURIAM.
Appellant was tried by a jury, convicted for the offenses of possessing and selling narcotic drugs, and sentenced to imprisonment in the state prison. He seeks reversal of the judgment and sentence on the grounds that the court erred in several material respects.
By his first two points on appeal appellant contends that the evidence establishes as a matter of law the defense of entrapment and that the court erred in denying his motion for a directed verdict and for an instruction to the jury on the law relating to such defense.
We have carefully reviewed the transcript of the trial proceedings and fail to find therein any evidence legally sufficient to establish the defense of entrapment. Disregarding the testimony of the State’s witnesses and considering only that adduced by the defendant, it cannot be said that it is reasonably susceptible of the conclusion that appellant was instigated, induced or lured into the commission of a crime which he had otherwise no *174 intention of committing. It clearly appears without dispute that the informers acting on behalf of the State, to whom appellant admittedly sold the drugs in question, were acting in good faith for the purpose of detecting a crime and merely furnished the opportunity for its commission by appellant who already had the requisite criminal intent to violate the law. The State’s witnesses were not used as decoys to ensnare the innocent and lawLabiding appellant into the commission of the crime with which he was charged, but merely presented to him the opportunity of doing what he was already willing to do. Since such evidence negates the defense of entrapment, appellant was not entitled either to a directed verdict or a jury instruction on the law relating to such defense.[1]
We have carefully considered appellant’s remaining point on appeal but find it to be without substantial merit. The judgment appealed is accordingly affirmed.
RAWLS, Acting C. J., and WIGGIN-TON, and SPECTOR, JJ., concur.

.Koptyra v. State (Fla.App.1965) 172 So.2d 628; Kibby v. United States (8th Cir. 1967) 372 F.2d 598, cert. den. 387 U.S. 931, 87 S.Ct. 2055, 18 L.Ed.2d 993.