263 So.2d 849 (1972)
Francis Yvonne BROSI, Appellant,
v.
The STATE of Florida, Appellee.
No. 71-1188.
District Court of Appeal of Florida, Third District.
July 5, 1972.
Phillip A. Hubbart, Public Defender, and Bennett H. Brummer, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Arnold R. Ginsberg, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and PEARSON and HAVERFIELD, JJ.
PER CURIAM.
Following a jury trial, defendant seeks reversal of her conviction for delivery of hallucinogenic drugs, unlawful sale of marijuana and conspiracy to commit a felony. She contends that the trial judge erred in his holding that the evidence did not warrant giving an instruction to the jury on the defense of entrapment.
Undercover police officers were contacted by a police informant concerning the possible sale by defendant of hallucinogenic drugs. The informant placed a call to defendant and the police officers then spoke to defendant about the possibility of doing business. Later that evening the officers and the informant met with defendant and the price, merit and quantity of drugs to be sold was discussed. A sale of hallucinogenic drugs was thereafter consummated.
The defense of entrapment is only available to one who was induced or lured by an officer of the law into the commission of a crime which he had otherwise no intention of committing. Koptyra v. State, Fla.App. 1965, 172 So.2d 628. After a close examination of the record on appeal we fail to find therein any evidence legally sufficient to establish the defense *850 of entrapment. The testimony reveals that defendant was no innocent pawn. The officers acted in good faith for the purpose of discovering or detecting a crime and merely furnished the opportunity for the commission thereof by defendant who had the requisite criminal intent. Since the evidence negates the defense of entrapment, appellant was not entitled to jury instructions on the law relating to the defense of entrapment. Blackshear v. State, Fla.App. 1971, 246 So.2d 173; Koptyra v. State, supra; Kibby v. United States (8th Cir.1967), 372 F.2d 598, cert. den. 387 U.S. 931, 87 S.Ct. 2055, 18 L.Ed.2d 993.
We have considered defendant's remaining points on appeal and find them to be without substantial merit. The judgment appealed is accordingly affirmed.
Affirmed.