PER CURIAM.
By information, the appellant was charged with two counts of possession of cocaine, and two counts of sale of cocaine to the same individual on the same day.
The trial court found the defendant not guilty of the possession and sale as to the first transaction, upon the plea of entrapment. But, he found no entrapment involved in the transaction resulting in the second transaction. There is a dispute in the record, but at this stage, the conflicts are resolved in favor of the trial court’s ruling. Walden v. State, Fla.App.1966, 191 So.2d 68; Shuler v. State, Fla.App. 1968, 213 So.2d 312; Starling v. State, Fla.App. 1972, 263 So.2d 645. And, there is evidence which indicates that at the conclusion of the first sale the defendant advised the purchaser that he had an additional packet of cocaine; gave her his telephone number; and that if she liked the first one to call him and he would make the second sale. This she did, approximately three hours after the first sale, returned to the defendant’s home and purchased the cocaine at a higher price than the original transaction.
It is apparent that the evidence in the record is susceptible to the view that the defendant initiated the second sale and, therefore, the defense of entrapment was not available to him. State v. Rouse, Fla.App.1970, 239 So.2d 79; Brosi v. State, Fla.App. 1972, 263 So.2d 849.
The judgment of conviction is therefore affirmed.
Affirmed.