PER CURIAM.
Sellars appeals his convictions following non-jury trial finding him guilty of three counts of robbery, three counts of use of a firearm in the commission of each of the robberies and four counts of conspiracy.
Sellars complains that the three sentences imposed upon him for possession of a firearm during the commission of three robberies were illegal because each offense was a facet of the robbery for which he was also sentenced. We agree and reverse. Only one sentence may be imposed for the offense of robbery and use of a firearm during the commission of the same robbery. Cone v. State, 285 So.2d 12 (Fla.1973); Zygadlo v. State, 341 So.2d 1053 (Fla. 1st DCA 1977); Davison v. State, 346 So.2d 1238 (Fla. 1st DCA 1977). Contra Campbell v. State, 310 So.2d 319 (Fla. 3d DCA 1975); Swyers v. State, 334 So.2d 278 (Fla. 3d DCA 1976); Johnson v. State, 338 So.2d 556 (Fla. 3d DCA 1976).
The court additionally failed to accord Sellars credit for time previously served in jail awaiting trial contrary to Section 921.161, Florida Statutes (1977). Accordingly the three sentences imposed upon appellant for use of a firearm during the commission of the robberies are vacated. The cause is remanded to the trial court so that appropriate credit may be imposed upon the remaining sentences. The sentences are otherwise affirmed.
AFFIRMED in part, REVERSED in part.
SMITH, Acting C. J., and ERVIN, J., concur.
BOOTH, J., dissenting in part and concurring in part.