364 So.2d 497 (1978)
Clay Leonard ENNIS, Appellant,
v.
STATE of Florida, Appellee.
No. 77-1450.
District Court of Appeal of Florida, Second District.
October 25, 1978.
*498 Jack O. Johnson, Public Defender, and Paul C. Helm, Asst. Public Defender, Bartow, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Judge.
Appellant/defendant Clay Leonard Ennis and two others were charged in a three-count indictment with first-degree felony murder, robbery, and conspiracy to commit robbery. A jury found appellant guilty of all the charges in the indictment. Appellant was adjudicated guilty of all three charges and sentenced to life in prison for murder in Count I, a concurrent life sentence for robbery in Count II, and a consecutive eight-year sentence for conspiracy to commit robbery in Count III.
Appellant has raised two points, both of which merit discussion: one, that his sentence imposed on the robbery offense is impermissible, and two, that his sentence for the conspiracy to commit robbery exceeds the maximum sentence prescribed by law. We agree.
Appellant contends that the robbery sentence is impermissible under Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977) and Harris v. Oklahoma, 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977) for the reason that the sentence is violative of the double jeopardy clause of the fifth amendment applicable to the states through the fourteenth. The supreme court of this state in Slater v. State, 316 So.2d 539 (Fla. 1975) and State v. Adams, 335 So.2d 801 *499 (Fla. 1976) held that a felony murder and the felony upon which the felony murder charge is predicated were two separate and distinct crimes for which separate judgments and sentences could be imposed upon conviction of each offense. Appellant argues that Slater and Adams have been implicitly overruled by the decisions of Harris and Brown. We do not think so. As we read Harris and Brown there is no apparent conflict between the decisions rendered in these cases and the holdings of our supreme court in the cited cases with regard to the aspect of double jeopardy at issue here. The issue in Harris and Brown was whether the double jeopardy clause prohibited successive prosecutions for violation of two separate statutes. The issue in the Florida cases and the case before us is whether the double jeopardy clause prohibits cumulative punishment for violation of two separate statutes prosecuted in a single proceeding. We believe this distinction is important.
As stated in Brown:
Where consecutive sentences are imposed at a single criminal trial, the role of the constitutional guarantee is limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense.
432 U.S. 161, at 165, 97 S.Ct. at 2225, 53 L.Ed.2d at 194. Brown reiterated the test for determining whether violation of two statutes during one criminal transaction constitutes the same offense for purposes of cumulative punishment which was initially stated in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.
Id. at 304, 52 S.Ct. at 182, 76 L.Ed. at 309. The test for determining whether violation of two statutes constitutes the same offense for purposes of successive prosecution is whether "the second prosecution requires relitigation of factual issues already resolved by the first." Brown, supra, 432 U.S. at 167 n. 6, 97 S.Ct. at 2226 n. 6, 53 L.Ed.2d at 195 n. 6. There are then different standards to be applied to cumulative sentences and successive prosecution actions.[1]
The robbery statute, § 812.13, Fla. Stat. (1977), prohibits the taking of money or other property by force, violence, assault, or putting in fear. Section 782.04, Florida Statutes (1977) provides that the unlawful killing of a human being when perpetrated from premeditated design or when committed by a person engaged in the perpetration of or attempt to perpetrate any one of certain enumerated criminal offenses, including robbery, constitutes first-degree murder. On the face of this statute neither robbery nor any one of the other enumerated felonies is a necessarily included lesser offense of first-degree murder since commission of any one of those enumerated felonies will support a felony murder charge. In other words, the statute does not require that one particular felony be proved but only that one of several felonies and an unlawful killing be proved.
The fact that to convict for felony murder the underlying felony must be proved does not bear on the question of whether cumulative punishment is prohibited by double jeopardy considerations. We look only to the statutory language to resolve that issue. Because the robbery statute requires the taking of property, which the murder statute does not, and the first-degree murder statute requires an unlawful killing, which the robbery statute does not, under the Blockburger test first-degree murder and robbery are not the same offense for cumulative punishment.
*500 Although under the Florida statute, as under the Oklahoma statute considered in Harris, it is necessary to prove the underlying felony to convict for felony murder, what we believe to be the intended effect of a long line of double jeopardy cases persuades us to strictly adhere to the Blockburger test for cumulative punishment and not extend Harris to the factual situation before us. We believe that the Florida Supreme Court did not transgress the constitutional safeguard against double jeopardy. Nevertheless, we believe Slater and Adams are no longer controlling under the circumstances of this case.
In 1977 Section 775.021, Florida Statutes, was amended by the legislature to add a completely new provision, subsection (4), which provides:
Whoever, in the course of one criminal transaction or episode, commits an act or acts constituting a violation of two or more criminal statutes, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense, excluding lesser included offenses, committed during said criminal episode, and the sentencing judge may order the sentences to be served concurrently or consecutively. (Emphasis added).
This section was not included in the Florida Statutes at the time Adams and Slater were decided by the supreme court.
In this case, the robbery is a category (4) lesser included offense under Brown v. State, 206 So.2d 377 (Fla. 1968) since its commission was alleged in the charging language of the murder count and was proved at trial. Section 775.021(4) clearly states that a court may not sentence on lesser included offenses arising out of the same criminal transaction or episode as the higher offense. The trial court erred in sentencing appellant for the robbery.
With reference to appellant's second point, that is, that his sentence for conspiracy to commit robbery is excessive, he is right. He was charged in Count III with conspiracy to commit robbery, but the indictment does not allege that he conspired to carry a firearm during the course of committing this offense. Since the underlying substantive offense charged in Count III did not state an essential element of robbery in the first degree, § 812.13(2)(a), Fla. Stat. (1975), the underlying substantive offense was robbery in the second degree. Under these circumstances, the conspiracy is a third-degree felony for which the maximum sentence is five years. §§ 775.082(3)(d), 777.04(4)(c), Fla. Stat. (1977).
Accordingly, the judgments of guilt on Count I, Count II, and Count III are affirmed. The sentence imposed on Count I is affirmed. The sentence on Count II is vacated and set aside. The sentence on Count III is reversed for resentencing as indicated in this opinion. On remand the sentence should be corrected to specifically set forth the period of credit time to which appellant is entitled by law. See Smith v. State, 310 So.2d 770 (Fla. 2d DCA 1975); § 921.161(1), Fla. Stat. (1977).
AFFIRMED in part; REVERSED in part; and REMANDED for proceedings consistent with this opinion.
RYDER, J., concurs.
GRIMES, C.J., concurs specially with opinion.
GRIMES, Chief Judge, concurring specially.
I tend to think that Harris v. Oklahoma, supra, implicitly overruled Slater v. State, supra and State v. Adams, supra. However, the fact that I differ slightly from the majority appears academic to this appellant because under either view his sentence for robbery will be set aside.
NOTES
[1] As pointed out in Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), where cumulative punishment is prohibited successive prosecution is prohibited. The opposite is not necessarily true.