370 So.2d 32 (1979)
Carl A. PURVIS and James Robert Prescott, Jr., Appellants,
v.
STATE of Florida, Appellee.
Nos. 78-974, 78-975.
District Court of Appeal of Florida, Second District.
March 23, 1979.
Rehearing Denied April 30, 1979.
J. Hardin Peterson, Jr. of Peterson, Myers, Craig, Crews, Brandon & Mann, and Clinton A. Curtis, Lakeland, for appellant Purvis.
Jack O. Johnson, Public Defender, and Paul C. Helm, Asst. Public Defender, Bartow, for appellant Prescott.
Jim Smith, Atty. Gen., Tallahassee, and Michael A. Palecki, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Appellants were convicted of (1) burglary, (2) grand larceny, (3) possession of more than five grams of marijuana, and (4) possession of more than a hundred pounds of marijuana with intent to sell. Appellants were sentenced to five-years imprisonment on each of the first three convictions, and fifteen years on the fourth. The first three sentences were to run consecutively, and the sentence on the fourth conviction was to run concurrently to the sentences on the first three.
Appellants attack their convictions on several grounds. We have examined their contentions carefully, and find only one point which merits discussion. Appellants contend that they should not have been sentenced for possession of more than a hundred pounds of marijuana with intent to sell and possession of more than five grams, since both charges were based on possession of the same marijuana. We agree.
It was necessary for the state to establish that appellants possessed more than five grams of marijuana in order to show that they possessed over a hundred pounds with intent to sell. Therefore, possession of more than five grams was a category three lesser-included offense under Brown v. State, 206 So.2d 377 (Fla. 1968). A defendant cannot be sentenced for a lesser-included offense as well as the greater offense. § 775.021(4), Fla. Stat. (1977); Ennis v. State, 364 So.2d 497 (Fla. 2d DCA 1978).
Accordingly, we vacate each appellant's conviction and sentence for possession of more than five grams of marijuana. Otherwise, we affirm.
SCHEB, Acting C.J., and OTT and DANAHY, JJ., concur.