372 So.2d 1161 (1979)
Charles McClendon, Appellant,
v.
STATE of Florida, Appellee.
No. LL-412.
District Court of Appeal of Florida, First District.
July 10, 1979.
Michael J. Minerva, Public Defender, and Thomas S. Keith, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Carolyn M. Snurkowski, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Appellant, convicted below of two counts of robbery, two counts of burglary, two counts of grand larceny, and aggravated battery, appeals his convictions claiming insufficient evidence. He also contends that one of the grand larceny charges and the aggravated battery charge were lesser included offenses of one of the robbery charges, precluding judgment and sentence on those counts. After careful consideration, we affirm in part and reverse in part.
All of the charges grew out of a January 15, 1978 breakin at the isolated trailer residence of elderly, blind C.M. "Chick" Miller. Miller's housekeeper Ida Gebhart, there cooking supper, testified that she saw four men enter the trailer, then the first man, whom she identified as appellant, "grabbed Mr. Miller and knocked him down on the floor ..., dragged him across the trailer ..., and started fighting with him and told him to shut up." Miller testified that appellant came bursting in the door and "shot me in the hand and hit me over the head with some object ..., and knocked me down on the floor, ... pulled me down and ransacked my pockets and took what little money that I had [$20] and my knife," then "put the gun barrel to my temple and said, `shut up or I will blow your brains out.'" Other state evidence established that the four men took a shotgun, two radios, and a television set from Miller's residence, as well as the money and *1162 keys in Mrs. Gebhart's purse. In addition, it was later discovered that a television set and part of a gun were taken from Mrs. Gebhart's nearby trailer, and that the batteries had been stolen from both Miller's and Gebhart's automobiles.
After reviewing the lengthy trial transcript, we find sufficient evidence establishing appellant's participation in the incident. State evidence proved that he had on the night of the offense borrowed a car later found abandoned near the trailer with the stolen goods in and around it. Furthermore, Mrs. Gebhart identified him at trial as a perpetrator, although her testimony was slightly contradicted by statements made just after the incident. Finally there was evidence of an inculpatory statement made by appellant to another man on the day after the offense. In short, the direct and circumstantial evidence sufficiently identified appellant's involvement in the episode and supported the jury's verdict.
We agree with appellant, however that the grand larceny charge against him for the items stolen from Miller's residence was a lesser included offense of the Miller robbery, precluding judgment and sentence on the larceny charge. Several cases decided since the effective date of the new "single transaction" statute, Section 775.021(4), Florida Statutes (1977), have held that a defendant cannot be sentenced on lesser included offenses arising out of the same criminal transaction as the higher offense. See, e.g., Sellars v. State, 362 So.2d 33 (Fla. 1st DCA 1978); Ennis v. State, 364 So.2d 497 (Fla. 2d DCA 1978); Purvis v. State, 370 So.2d 32 (Fla. 2d DCA 1978), Opinion filed 1979. In Brown v. State, 206 So.2d 377, 383 (Fla. 1968), the court held that larceny is necessarily included in the crime of robbery. See also Taylor v. State, 330 So.2d 44 (Fla. 1st DCA 1976). Although the state's information charged that only money was taken during the Miller robbery, the evidence showed that the items listed in the grand larceny count were taken during the same continuous sequence of events, and the prosecutor so conceded during his closing argument. The judgment and sentence for grand larceny of Miller are accordingly reversed. See Kimbrough v. State, 356 So.2d 1296 (Fla. 4th DCA 1978); Taylor v. State, supra.
The same reasoning does not apply to the argument that the aggravated battery of Miller, i.e. the shooting, was a lesser included offense of the robbery. Certainly it could not be contended that aggravated battery is "necessarily included" in the offense of robbery under the Supreme Court's analysis in Brown v. State, supra. The question then is whether the aggravated battery was a "category four" lesser included under Brown. Analyzing the facts here, we find that the aggravated battery was a complete and separate crime from the robbery and that the shooting of Miller was not an essential element in the robbery charge. See Jackson v. State, 338 So.2d 231 (Fla. 3d DCA 1976); Williams v. State, 366 So.2d 817 (Fla. 3d DCA 1979). That judgment and sentence will therefore be upheld.
Accordingly, the judgments and sentences on Count I, II, IV, V, VII, and VIII are AFFIRMED and the judgment and sentence on Count VI is REVERSED.
AFFIRMED in part and REVERSED in part.
ROBERT P. SMITH, Jr., Acting C.J., and ERVIN and LARRY G. SMITH, JJ., concur.