SHIVERS, Judge.
All three appellants were charged by information with the aggravated battery and with the attempted robbery with a deadly weapon of one James Johnson. The two count information provided in material part: “COUNT ONE: Appellants ‘. . .did intentionally or knowingly
cause great bodily harm, permanent disability or permanent disfigurement upon said James Johnson by hitting the said James Johnson on the head with a deadly weapon, to-wit: a board, contrary to Section 784.045(l)(a), Florida Statutes, and as to COUNT TWO, ... did unlawfully by force, violence, assault or putting in fear, attempt to take certain property, to-wit: money, the property of James Johnson as owner or custodian, from the person or custody of said owner, and in the course of committing said Robbery, used a deadly weapon, to-wit: a board, in violation of Florida Statutes 812.13 and 777.04.’ ”
Following a jury trial, the jury returned verdicts of guilty under both counts. The court adjudicated appellants guilty of aggravated battery and attempted robbery with a deadly weapon. The appellants were sentenced to serve concurrent terms of imprisonment on each count.
*390 The offense occurred in April, 1978, in an alley near the Grand Hotel and Stomping Grounds Bar in Pensacola. The victim was hit from behind on the back of his head with a board. The victim testified on direct examination by the State that he fell down after he was hit with the board and that “two men were on him.” There was no evidence that either of the two men who jumped on the victim was armed with any type weapon. The victim fought off the men with a pocket knife. The board was not involved in this fight. The evidence showed that the victim was carrying a size-able sum of money and that robbery was the motive for the attack.
Section 775.021(4), Florida Statutes, provides:
Whoever, in the course of one criminal transaction or episode, commits an act or acts constituting a violation of two or more criminal statutes, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense, excluding lesser included offenses, committed during said criminal episode, and the sentencing judge may order the sentences to be served concurrently or consecutively, (emphasis added)
We are of the opinion, and so hold, that the aggravated battery was a category four lesser included offense of the attempted robbery with a deadly weapon. Category four
comprehends those offenses which may or may not be included in the offense charged, depending upon, (a) the accusatory pleading, and (b) the evidence at the trial. In this category, the trial judge must examine the information to determine whether it alleges all of the elements of a lesser offense, albeit such lesser offense is not an essential ingredient of the major offense alleged. If the accusation is present, then the judge must determine from the evidence whether it supports the allegation of the lesser included offense.
Brown v. State, 206 So.2d 377, 383 (Fla. 1968). Cf. Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977).
The only deadly weapon involved in the incident was the board. The only use made of the board was in striking the victim from the rear. There was no way to prove the attempted robbery with a deadly weapon without proving the aggravated battery. An example of a category four offense is found in Brown v. State, supra, 206 So.2d at 383:
if the information charged “assault with a deadly weapon with intent to commit robbery,” then “aggravated assault” — assault with a deadly weapon— would be a lesser included offense.
The facts of McClendon v. State, 372 So.2d 1161 (Fla.App. 1st DCA 1979) distinguish it from this case. McClendon was convicted of several counts including two counts of robbery and one count of aggravated battery. The pertinent facts in McClendon are as follows:
All of the charges grew out of a January 15,1978 breakin at the isolated trailer residence of elderly, blind C. M. “Chick” Miller. Miller’s housekeeper Ida Gebhart, there cooking supper, testified that she saw four men enter the trailer, then the first man, whom she identified as appellant, “grabbed Mr. Miller and knocked him down on the floor . . ., dragged him across the trailer . . ., and started fighting with him and told him to shut up.” Miller testified that appellant came bursting in the door and “shot me in the hand and hit me over the head with some object . ., and knocked me down on the floor, . . . pulled me down and ransacked my pockets and took what little money that I had [$20] and my knife,” then “put the gun barrel to my temple and said, ‘shut up or I will blow your brains out.’ ”
372 So.2d 1161
McClendon contended on appeal that the aggravated battery was a lesser included offense of the robbery. The Court disagreed, finding that “the aggravated battery was a complete and separate crime from the robbery and that the shooting of Miller was not an essential element in the robbery charge.” 372 So.2d at 1162.
*391 The shooting of Miller proved the aggravated battery in McClendon. This shooting was unnecessary to prove the robbery. The elements of taking property from the person of another by force, violence, assault or putting in fear necessary to prove robbery could have been proven by: (1) the hitting of the victim with an object; (2) the dragging of the victim across the room; (3) the fighting with the victim; or (4) the threatening of the victim with the gun.
Under the facts of this case, the elements necessary to prove attempted robbery could have been proven when the two men jumped the victim. However, to prove attempted robbery with a deadly weapon, it was necessary to prove the aggravated battery.
The respective convictions for aggravated battery are vacated.
In light of the disposition made herein, the appellants’ attack on the constitutionality of Section 775.021(4), F.S.1977 need not be considered.
Reversed and remanded with directions to set aside the conviction of aggravated battery.
McCORD, J., concurs.
MASON, EARNEST E., Associate Judge, dissents with opinion.