MASON, EARNEST E., Associate Judge,
dissenting:
I respectfully dissent under authority of McClendon v. State, 372 So.2d 1161 (Fla. 1st DCA 1979). In my judgment the offenses were separate and distinct offenses for the reason that the aggravated battery charge is not a lesser included offense of attempted armed robbery as the latter offense is charged in Count Two of the information. This is true because there is no allegation in Count Two that appellants actually hit the victim with the deadly weapon. Therefore, it was not necessary to prove Count One in order to prove Count Two. Attempted robbery with a deadly weapon as charged in Count Two could have been proven by threatening the victim with such weapon without actually committing a battery upon him.
Since the offenses were separate and distinct the trial court was correct in considering them as such, and the convictions of aggravated battery should not be set aside or vacated.