382 So.2d 1357 (1980)
John Stokes JOINER, Appellant,
v.
STATE of Florida, Appellee.
No. PP-123.
District Court of Appeal of Florida, First District.
May 1, 1980.
Michael J. Minerva, Public Defender, Nancy A. Daniels, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Raymond Marky, Asst. Atty. Gen., for appellee.
SHIVERS, Judge.
Joiner, convicted after a jury trial of burglary of a dwelling, grand theft, possession of controlled substances, and possession of drug paraphernalia, seeks reversal of his convictions on the grounds that: (1) evidence of his prior criminal activities was improperly introduced by the state and his requested instruction on entrapment was erroneously denied; (2) evidence of his possession of drug paraphernalia was insufficient to withstand the motion for judgment of acquittal; (3) separate sentences for possession of controlled substances and grand theft were improper because his possession was part of the asportation necessary to sustain the grand theft charge; and (4) prejudicial comments made by the prosecutor during closing arguments destroyed *1358 Joiner's right to a fair trial. After thorough review of the record and applicable law, we affirm.
Joiner burglarized a dwelling, stealing numerous items contained therein on December 13, 1978, while the premises were under police surveillance. Police officers stopped Joiner's pick-up truck jointly occupied by Joiner, the driver, and Cliff Stone, a confidential informant, a short distance from the burglary scene. Prescription drugs, which had been stolen from the dwelling and which formed the basis for the possession of controlled substances charge, were found on the front seat of the truck near the driver's side. A bent household spoon containing cocaine residue was found on the dashboard of the truck.
During opening arguments, Joiner announced that his defense would be based, in part, upon the theory that he had been induced to commit the burglary by the confidential informant, Stone. Based upon Joiner's announced entrapment defense, the state introduced evidence during its case-in-chief as to Joiner's involvement in other burglaries, his reputation as a thief, and his prior convictions. Joinder did not testify in his own behalf, but rather sought to establish his entrapment defense primarily through cross-examination of the state's witnesses. At the conclusion of all the evidence, the trial court denied Joiner's requested instruction on entrapment.
We find that the trial court properly refused the requested instruction on entrapment. Although entrapment may be established through cross-examination in the state's case, Weaver v. State, 370 So.2d 1189 (Fla. 4th DCA 1979), the evidence here was insufficient to show that Joiner was instigated, induced, or lured into the commission of a crime which he had otherwise no intention of committing. Blackshear v. State, 246 So.2d 173 (Fla. 1st DCA 1971); Koptyra v. State, 172 So.2d 628 (Fla. 2d DCA 1965). Since the evidence was insufficient to raise the issue of entrapment, the court's refusal to instruct on entrapment was proper. In light of Joiner's announced reliance on an entrapment defense, evidence of Joiner's predisposition to commit burglary was properly introduced in the state's case-in-chief. Cf. Weaver v. State, supra.
Although the pick-up truck in which drug paraphernalia were found was jointly occupied by Joiner and Stone, we find that the evidence was sufficient to establish Joiner's constructive possession. From their verdict, it is apparent that the jury believed Stone's testimony that he had not placed the spoon in the pick-up truck and that Joiner had used a similar spoon which belonged to him to dissolve cocaine. These circumstances were sufficient to exclude any reasonable hypothesis except that of Joiner's guilt. Cf. Spataro v. State, 179 So.2d 873 (Fla. 2d DCA 1965). See also, Cummings v. State, 378 So.2d 879 (Fla. 1st DCA 1979).
We conclude that separate sentences for possession of controlled substances and grand theft were proper. Count II alleged that Joiner:
... did knowingly obtain or use, or did endeavor to obtain or to use a television set, two stereo systems, numerous record albums, assorted jewelry, assorted household appliances and utensils, of the value of $100.00 or more, ...
The evidence established that property valued at more than $100.00 including two televisions, two stereo systems, a .22 rifle, power tools, kitchen appliances and accessories, and clothing, was taken from the dwelling. Prescription drugs, which formed the basis of the possession of controlled substances offense charged in Count IV, were also taken from the dwelling during the theft.
Joiner argues that separate sentences are improper under Section 775.021(4), Florida Statutes (1977), because possession of the controlled substances was an essential element of the grand theft. Since Joiner, with the drugs in his possession, was seized only moments after he had left the scene of the burglary, he asserts that asportation of the drugs, necessary to support the grand theft charge, was not completed; *1359 therefore, Joiner argues, the two crimes were not separate and distinct. We disagree. Section 775.021(4), Florida Statutes authorizes separate sentences for acts constituting violations of two or more criminal statutes committed in the course of one criminal transaction or episode. However, that section precludes sentencing on lesser included offenses arising out of the same criminal transaction as the higher offense. McClendon v. State, 372 So.2d 1161 (Fla. 1st DCA 1979).
Possession of controlled substances is clearly not a category (3) lesser included offense of grand theft under Brown v. State, 206 So.2d 377 (Fla. 1968). Since the allegata of Count II does not comprehend all the elements of possession of controlled substances, possession of controlled substances can not be a category (4) lesser included offense of grand theft. Brown, supra at 383, clearly provides that to be a category (4) lesser included offense, the information must allege all of the elements of the lesser offense. Joiner's argument that McClendon, supra, holds contrary is not persuasive. In McClendon, the defendant was convicted separately for grand larceny and robbery although the items charged as taken in the grand larceny were taken in the same continuous sequence of events as the item alleged to have been taken during the robbery. McClendon noted that larceny is a necessarily included offense of a robbery. It is well established that where several objects which are the subject of larceny are stolen at the same time, from the same place, and under the same circumstances with the same intent, only one larceny has been committed. Hearn v. State, 55 So.2d 559 (Fla. 1951). To allow the State, under such circumstances, to divide this single offense into several larcenies would be violative of the double jeopardy protections because there is only a single taking. Id. Since under the facts in McClendon, only a single larceny occurred and such larceny was necessarily included in the robbery offense, separate convictions and sentences for robbery and grand larceny were improper under either double jeopardy principles or Section 775.021(4). Florida Statutes (1977).
Although several comments made by the prosecutor during closing arguments appear improper, in view of Joiner's lack of objection or motion for mistrial, we find the issue not properly preserved for appeal. In Cumbie v. State, 378 So.2d 1 (Fla. 1st DCA 1978), we held that a prosecutor's challenged argument will be reviewed on appeal only when a timely objection is made. We recognize that the Fourth District has opined that a prosecutor's closing arguments may be so prejudicial that a new trial may be granted regardless of lack of objection. Peterson v. State, 376 So.2d 1230 (Fla. 4th DCA 1979). However, our conclusion that the contemporaneous objection and motion for mistrial rule, enunciated in Clark v. State, 363 So.2d 331 (Fla. 1978), applies to improper prosecutorial arguments is strengthened by the decision of the Supreme Court in State v. Cumbie, 380 So.2d 1031 (Fla. 1980), which held that a motion for mistrial, made after jury instructions and retirement of the jury for deliberation, came too late to preserve for appeal Cumbie's objection to the prosecutor's improper argument. Even if, as suggested in Peterson, supra, improper arguments may constitute fundamental error so as to obviate the requirement of an objection and motion for mistrial, we do not find the prosecutor's comments here to be so irradicably prejudicial that the error could not have been waived by Joiner's failure to object and to request a mistrial.
Accordingly, the judgments and sentences are affirmed.
MILLS, C.J., and ERVIN, J., concur.