385 So.2d 1168 (1980)
John Earl ZIEGLER, Appellant,
v.
STATE of Florida, Appellee.
No. NN-144.
District Court of Appeal of Florida, First District.
July 15, 1980.
Michael J. Minerva, Public Defender, and Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and A.S. Johnston, Asst. Atty. Gen., Tallahassee, for appellee.
ROBERT P. SMITH, Jr., Judge.
Ziegler complains, among other things, that he cannot simultaneously be convicted and sentenced on a count charging his possession of a short-barreled shotgun which was or could readily be made operable, Section 790.221, Florida Statutes (1979), and on another count charging that he, a previously convicted felon, possessed a firearm, to-wit, a shotgun, Section 790.23, Florida Statutes (1979). The shotgun referred to in each count was the same.
Allegation and proof of Ziegler's possession of a shotgun was common to *1169 both counts, yet on each count the State alleged and proved an additional element, not necessary for conviction on the other count: in respect to the first count, that the shotgun was short-barreled, and in respect to the second count, that Ziegler was a convicted felon. Ziegler's conviction on both counts, whether simultaneously or consecutively, therefore cannot constitute double jeopardy for the same offense, proscribed by the State and Federal Constitutions. Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). For similar reasons, neither offense can be considered as "lesser included" in the other for purposes of Section 775.021(4), Florida Statutes (1979), forbidding additional sentences on lesser included offenses proscribed by different statutes. Brown v. State, 206 So.2d 377, 383 (Fla. 1968); contrast Hicks v. State, 382 So.2d 389 (Fla. 1st DCA 1980).
Appellant's other points are unavailing. The judgments and sentences are
AFFIRMED.
ERVIN, J., concurs.
WENTWORTH, J., concurs and dissents with opinion.
WENTWORTH, Judge, concurring in part, dissenting in part.
I concur with the majority view that possession of a short-barreled shotgun and possession of a firearm by a convicted felon are not the "same offense" for double jeopardy purposes; I further concur in the majority view that appellant's other points are unavailing. However, I respectfully dissent on the issue of whether, in the circumstances of the present case, possession of a short-barreled shotgun is a lesser included offense of possession of a firearm by a convicted felon.
In Brown v. State, 206 So.2d 377 (Fla. 1968), the Florida Supreme Court defined four categories of lesser included offenses. Category IV
... comprehends those offenses which may or may not be included in the offense charged, depending upon, (a) the accusatory pleading, and (b) the evidence at the trial. In this category, the trial judge must examine the information to determine whether it alleges all of the elements of a lesser offense, although such lesser offense is not an essential ingredient of the major offense alleged. If the accusation is present, then the judge must determine from the evidence whether it supports the allegation of the lesser included offense.
In the present case the two crimes, possession of a firearm by a convicted felon and possession of a short-barreled shotgun, were charged in separate counts; however, the evidence at trial revealed that the appellant possessed only one firearm, a short-barreled shotgun. Therefore, in order to prove possession of a firearm by a convicted felon, the state in this case had to and did prove possession of a short-barreled shotgun. I would accordingly conclude that in these circumstances possession of a short-barreled shotgun is a lesser included offense of possession of a firearm by a convicted felon. Cf., Hicks v. State, 382 So.2d 389 (Fla. 1st DCA 1980). Section 775.021(4), Fla. Stat., thus precludes separate sentences for each offense in this case. Hicks, supra.
I would remand for an order vacating the appellant's sentence for possession of a short-barreled shotgun.