PER CURIAM.
Appellant was found guilty, on circumstantial evidence, of possessing more than 100 pounds of cannabis. We reverse be *1309 cause the record evidence connecting Pacheco to the marijuana in this case is fatally deficient.
On Thanksgiving Day 1977, a Fernandina Police Department patrolman investigated a reported burning boat at Ft. Clinch State Park. When he arrived at the scene, three men were sitting on the end of the boardwalk about 150 yards from the vessel, which was anchored some 30 feet off shore. The officer also observed a dinghy beached between the boat and the boardwalk.
The boat proved to contain bails of marijuana, which apparently had been set afire. Evidence ostensibly connecting appellant to the contraband was that the first policeman saw no one on the beach other than appellant and his companions; there were three sets of footprints leaving from the dinghy toward the boardwalk; two footprints appeared to have been made by persons in stocking feet, one by a barefooted person; and two of the men had on wet clothing but the third was dry.
Testimony, however, also indicates that no casts or photographs of the footprints were made. No fingerprints were taken from the burning boat or the dinghy. The officer who arrived first at the scene acknowledged on cross-examination that in a prior deposition he had said two sets of footprints appeared to have been made by persons wearing “sneakers or something.” The evidence did not establish which of the three men were wet and which was dry.
There was no evidence demonstrating that appellant had exclusive control of the cannabis-laden boat. The prosecution’s burden therefore was to prove appellant had constructive possession of the contraband by virtue of joint control of the boat with knowledge of its contents. Doby v. State, 352 So.2d 1236 (Fla. 1st DCA 1977); Winchell v. State, 362 So.2d 992 (Fla. 3d DCA 1978), cert. denied, 370 So.2d 462 (Fla. 1979); Hively v. State, 336 So.2d 127 (Fla. 4th DCA 1976).
The evidence, as outlined above, suggests neither joint control nor knowledge. The footprints were not identified as Pacheco’s, nor does the record indicate whether he was barefoot or in stocking feet or in “sneakers or something.” No fingerprints were taken from the boat or the dinghy, and there was no other evidence of his presence on either craft. No witness stated whether appellant was wet or dry. He was first seen sitting on the boardwalk 150 yards from the burning boat, and such tenuous evidence as might imply that he ever walked on the beach does not support a conclusion that he had any contact with the boat. Upon this record Pacheco would appear to be, arguably, an unlucky bystander. In any event, we conclude that the exclusively circumstantial evidence presented to the jury plainly did not exclude every reasonable hypothesis of innocence. McArthur v. State, 351 So.2d 972 (Fla.1977); Doby v. State, supra.
REVERSED.
MILLS, C. J., and McCORD and WENT-WORTH, JJ., concur.