394 So.2d 1114 (1981)
Allan SHAD, Appellant,
v.
STATE of Florida, Appellee.
No. WW-227.
District Court of Appeal of Florida, First District.
March 11, 1981.
Richard B. Davis, Jr., Jasper, Larry Byrd of Ginsburg, Byrd, Jones & Pflaum, P.A., Sarasota, for appellant.
Jim Smith, Atty. Gen. and Raymond L. Marky, Asst. Atty. Gen., Tallahassee, for appellee.
OWEN, WILLIAM C., Jr. (Retired), Associate Judge.
Defendant appeals from his conviction of attempted possession of more than one hundred *1115 pounds of cannabis with intent to sell.[1] We reverse.
The State's case against the Defendant established that on March 31, 1978, at approximately 2:30 a.m., an agricultural inspector pursued a pick-up truck with a camper top which passed his station without stopping. The truck was subsequently stopped by the agricultural inspector, who opened the camper top from the rear with the driver's permission. Upon opening the camper top, he detected the marijuana-like odor emanating from the rear of the truck. His inspection thereafter disclosed several wrapped bales of marijuana concealed under a blanket, on top of which were clothes belonging to the Defendant,[2] who was a passenger.
Constructive possession, upon which the State's case necessarily rested, exists where the accused without physical possession of the controlled substance knows of its presence on or about his premises and has the ability to maintain control over the controlled substance. Hively v. State, 336 So.2d 127 (Fla. 4th DCA 1976). Since the Defendant did not have exclusive control of the truck, the prosecution's burden was to prove that he had constructive possession of the marijuana by virtue of joint control of the truck with knowledge of its contents. Pacheco v. State, 386 So.2d 1308 (Fla. 1st DCA 1980); Doby v. State, 352 So.2d 1236 (Fla. 1st DCA 1977). The State contends that the presence of Defendant's clothes in the rear of the truck, coupled with the strong odor of marijuana emanating from the rear of the truck when the camper top was opened, supports a reasonable inference that the Defendant placed his clothes in the rear of the truck and, in so doing, necessarily detected the presence of marijuana. This in turn supports the further inference that he had knowledge of its presence in the vehicle. Without agreeing, we presuppose his knowledge of its presence in reaching our disposition of the case. Given the Defendant's knowledge of the presence of the cannabis, the State nonetheless had the burden to prove also that he had the ability to maintain control over the contraband or reduce it to his possession. Daudt v. State, 368 So.2d 52 (Fla. 2nd DCA 1979). Nothing in the State's case could fairly and reasonably support an inference tending to prove this element of constructive possession. Therefore, we hold that it was error to deny his motion for judgment of acquittal at the close of the State's case and renewed at the close of all of the evidence. Our disposition on this point makes it unnecessary for us to consider or pass upon other attacks made on the sufficiency of the evidence or the other points raised on appeal.
REVERSED AND REMANDED with instructions to discharge the Defendant.
LARRY G. SMITH and McCORD, JJ., concur.
NOTES
[1] A jury verdict of attempted possession of more than five grams of cannabis with intent to sell was also returned against the defendant. Since this charge is a lesser-included offense of attempted possession of more than one hundred pounds of cannabis with intent to sell, the trial judge appropriately did not adjudicate the defendant guilty of or sentence him for the lesser-included offense. See Purvis v. State, 370 So.2d 32 (Fla. 2nd DCA 1979).
[2] Defendant testified that friends had arranged for him to get a ride north with a person then unknown to him and that, when the driver of the pick-up arrived at the place where Defendant was staying, he gave his clothes, on a hanger, to the driver who put them in the rear of the truck, Defendant leaving the house several minutes later and walking directly to the cab section of the truck. This testimony was corroborated by another witness.