413 So.2d 72 (1982)
George M. GAYLORD, Appellant,
v.
STATE of Florida, Appellee.
No. 81-552.
District Court of Appeal of Florida, Second District.
March 26, 1982.
Rehearing Denied May 3, 1982.
Jerry Hill, Public Defender, Bartow, and Robert F. Moeller, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Michael J. Kotler, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Acting Chief Judge.
The state charged appellant with robbery with a weapon and aggravated battery. He was convicted of both charges and received consecutive twenty-five and fifteen year sentences. Among other things, he contends that pursuant to section 775.021(4), Florida Statutes (1981), his sentence for aggravated battery should be vacated on the premise that the aggravated battery was a lesser included offense of the robbery with a weapon.
Appellant relies primarily upon Hicks v. State, 382 So.2d 389 (Fla. 1st DCA 1980), in which the court held that under the accusatory pleadings and proof, the charge of aggravated battery was a category four lesser included offense of attempted robbery with a deadly weapon. In that case since the same weapon was involved, *73 there was no way to prove the attempted robbery with a deadly weapon without also proving the aggravated battery because one of the elements of the aggravated battery was the use of a deadly weapon. § 784.045, Fla. Stat. (1981). Here, like Hicks, the same weapon was involved. However, unlike Hicks, count I only charged appellant with robbery with an unnamed weapon, whereas count II charged aggravated battery through the use of a deadly weapon described as a bottle. Thus, Hicks is not on point. In order to convict of a category four (now two)[1] lesser included offense, the language of the information which charges the greater offense must allege all of the elements of the lesser offense although such lesser offense need not be an essential ingredient of the major offense. Brown v. State, 206 So.2d 377 (Fla. 1968). Appellant could not have been convicted of aggravated battery as a lesser included offense under count I because of the absence of the allegation that the weapon used in the robbery was deadly.
Appellant does raise a valid point with respect to the assessment against him of $800 attorney's fees and costs for his defense by the public defender. So far as we can ascertain from the record, the court entered this order without the notice and hearing which section 27.56(7), Florida Statutes (1979), requires. See McGeorge v. State, 386 So.2d 29 (Fla. 5th DCA 1980).
We affirm appellant's convictions. However, we vacate the final judgment assessing attorney's fees and costs and remand the case for a hearing concerning these matters.
RYDER and SCHOONOVER, JJ., concur.
NOTES
[1] See In re Use By the Trial Courts of the Standard Jury Instructions in Criminal Cases, Nos. 57,734 and 58,799 (Fla. Apr. 16, 1981).