PER CURIAM.
This cause is before us on appeal by the State from an order of the trial judge granting appellees’ motion under Rule 3.190(c)(4), Florida Rules of Criminal Procedure, on the authority of Lornitis v. State, 394 So.2d 455 (Fla. 1st DCA 1981), and Shad v. State, 394 So.2d 1114 (Fla. 1st DCA 1981). The trial court dismissed the information charging appellee Languein with possession in excess of 400 grams of cocaine and 100 pounds of cannabis and that count of the information charging appellee Gower with possession in excess of 100 pounds of cannabis. We affirm in part and reverse in part.
Appellees filed a motion to dismiss[1] stating that they were passengers in a van subjected to an agricultural inspection; that cannabis and a brown suitcase which contained a small bag of marijuana were discovered within a large carpet-covered cargo area in the rear of the van; that neither appellee volunteered information pertaining to access into the cargo area or the contents therein; that both appellees denied ownership of the brown suitcase and claimed as their own suitcase within the passenger area of the van; that the residue of a white substance was found in a glass test tube amongst appellee Languein’s^be-longings; and that plant material and five plastic bags containing eleven pounds, three and three-fourths ounces of cocaine was found amongst appellee Gower’s belongings. In its traverse, the State alleged, among other things, that one day subsequent to his arrest, appellee Gower claimed as his own a pair of trousers and a shirt from the aforementioned brown suitcase.
The issue presented for our consideration is whether the facts establish a prima facie showing of possession of the cannabis by appellees and of the cocaine by appellee Languein. We find that the foregoing facts create an inference sufficient to withstand a 3.190(c)(4) motion to dismiss that appellee Gower had the ability to maintain *321 control of or access to the cannabis, and appellee Languein had a possessory interest in and thus the right to maintain control of the cocaine. Accordingly, we conclude that the trial judge erred in dismissing the possession of cannabis charge as to appellee Gower and the possession of cocaine charge as to appellee Languein and reverse. The dismissal of the possession of cannabis charge as to appellee Languein is affirmed.
ERVIN, BOOTH and THOMPSON, JJ., concur.

. Although not raised on appeal or contested below, the motion to dismiss should have been summarily denied by the, trial judge because it was not sufficiently verified as required by Rule 3.190(c)(4), Fla.R.Crim.P., which contemplates an oath by a person having first-hand knowledge of the facts.