JOANOS, Judge.
In the present cases, appellant was charged with two counts of dealing in stolen property and one count of defrauding an innkeeper. The basis of these charges was the use of stolen money orders to pay motel bills. Appellant was arrested in Gainesville and initially charged with several counts of dealing in stolen property, namely the attempt to use stolen money orders to make a purchase at a Radio Shack. Appellant was tried and convicted of those charges and that case (AS-292) was appealed to this court. All of the money orders involved in the charges against appellant in both cases were obtained by appellant at the same time according to evidence presented in the trial of AS-292. At that trial, one of the police officers who interviewed appellant upon his arrest said that although appellant initially claimed to have purchased the money orders at a Minit Market, appellant’s final statement about all five of the money orders was “that he had bought them from a whore in Jacksonville for two hundred and twenty-five dollars,” that she told him they were “hot,” and he did not ask any questions. During closing arguments in the trial of that case, in discussing the elements of the charge of dealing in stolen property, the prosecutor said that there are alternative definitions of the element of trafficking in that it may mean to sell, dispose of, or otherwise dispense the money orders, but it also means to buy, receive, or possess the money orders with the in *1059 tent to use them later to buy property.[1] The prosecutor then said, “either way I submit to you by either definition, we have proven that, on that date, he was trafficking in stolen money orders, that he was either transferring ownership of the money orders, disposing of the money orders, or possessing them with the intent to do that.” The clear import of the prosecutor’s argument was that the state had proven the element of trafficking under either Section 812.012(7)(a) or 812.012(7)(b), Florida Statutes. The trial judge instructed the jury on the alternative definitions of trafficking.
In the present cases the lower court granted appellant’s motions to dismiss the charges of dealing in stolen property on double jeopardy grounds. Specifically the court found that the evidence presented by the state in the trial of the earlier case placed appellant in jeopardy as to all of the money orders; the only evidence that would differ in this case would be the factual presentation of the locations and parties to whom appellant disposed of the property; and the evidence presented in the earlier trial could have established that the crime of dealing in stolen property was complete prior in time to the attempt to dispose of said property. We affirm.
Because of the evidence presented in AS-292, the first trial, and the way in which the prosecutor relied upon that evidence in his arguments, the jury in that case may have found appellant guilty of dealing in stolen property based on his initial purchase of all of the money orders from the prostitute in Jacksonville with knowledge that they were stolen. Prosecution for the charges of dealing in stolen property under the present informations would constitute a second trial for the same offense, in that no proof of an additional fact would be required, see Bell v. State, 437 So.2d 1057 (Fla.1983); Borges v. State, 415 So.2d 1265, 1267 (Fla.1982); State v. Hegstrom, 401 So.2d 1343, 1345 (Fla.1981); Ziegler v. State, 385 So.2d 1168 (Fla. 1st DCA 1980), and 21 Am.Jur.2d “Criminal Law” § 266. The same evidence upon which appellant was convicted of dealing in stolen property in the first case would suffice to convict him of the charges in the present case of dealing in stolen property.
It is important to note that this opinion is only based on the narrow circumstances of this particular case given the evidence presented and the arguments made at the first trial. Broad implications with regard to the definition of trafficking or the offense of dealing in stolen property should not be drawn from this decision.
AFFIRMED.
ERVIN, C.J., and MINER, CHARLES E., Jr., Associate Judge, concur.

. Section 812.012(7) provides:
“Traffic means:
(a) To sell, transfer, distribute, dispense, or otherwise dispose of property.
(b) To buy, receive, possess, obtain control of, or use property with the intent to sell, transfer, distribute, dispense, or otherwise dispose of such property.