491 So.2d 1243 (1986)
D.L., Jr., a Child, Appellant
v.
STATE of Florida, Appellee.
No. 85-2525.
District Court of Appeal of Florida, Second District.
July 25, 1986.
*1244 Richard S. Pipkin, Sebring, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Acting Chief Judge.
Appellant, a juvenile, appeals from an order determining him to be guilty of disorderly conduct.
Appellee filed a two-count petition charging appellant with battery and criminal mischief. The petition provided in pertinent part:
[S]aid child [appellant] ... actually and intentionally did touch and strike another person, to-wit: ... against the will of the said [person] .. . in violation of section 784.03, Florida Statutes....
Count II
[S]aid child [appellant] ... wilfully and maliciously did injure and damage property, to-wit: a vehicle belonging to another ..., said damage to said property being greater than two hundred dollars but less than one thousand dollars, in violation of section 806.13, Florida Statutes... .
At the close of trial, appellant was found not guilty of battery, and the trial judge dismissed the criminal mischief charge. However, the court did find appellant guilty of disorderly conduct. On appeal, appellant argues that he could not be found guilty of disorderly conduct because disorderly conduct is not a lesser included offense of the crimes of battery and criminal mischief.
A necessarily lesser included offense is one whose constituent elements are included within the elements of the greater offense. Gaylord v. State, 413 So.2d 72 (Fla. 2d DCA 1982). A comparison of the elements of battery, section 784.03, Florida Statutes (1985), and criminal mischief, section 806.13, Florida Statutes (1985), with those of disorderly conduct, section 877.03, Florida Statutes (1985), indicates that each crime contains separate and distinct elements which the other does not possess. See Scott v. State, 453 So.2d 798 (Fla. 1984). Thus, disorderly conduct is not a necessarily lesser included offense of either battery or criminal mischief.
A crime may also be a lesser included offense if its elements are included in the accusatory pleading and sustained by the evidence. Brown v. State, 206 So.2d 377 (Fla. 1968). For purposes of appeal, it was stipulated that sufficient evidence was presented at trial to prove disorderly conduct. However, the charging document failed to allege all of the necessary elements of disorderly conduct. See, e.g., Vitko v. State, 363 So.2d 42 (Fla. 2d DCA 1978). Regardless of the proof, a defendant cannot stand convicted of a crime for which he was not charged. Ray v. State, 403 So.2d 956 (Fla. 1981).
Reversed.
HALL and SANDERLIN, JJ., concur.