438 So.2d 72 (1983)
Sidney L. JAFFE, Appellant,
v.
STATE of Florida, Appellee.
Nos. 82-204, 82-205 and 82-242.
District Court of Appeal of Florida, Fifth District.
September 2, 1983.
Rehearing Denied October 4, 1983.
*73 James M. Russ and Terrence E. Kehoe, Law Offices of James M. Russ, P.A., Ed Leinster, Orlando, Daniel S. Dearing, Tallahassee, John L. Briggs, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Richard B. Martell, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
This case involves the validity of criminal convictions based on a violation of section 498.033(3), Florida Statutes (1979), of the "Florida Uniform Land Sales Practices Law."
Chapter 498, Florida Statutes (1979), regulates the sale and disposition of certain subdivided lands. Sales of such lands are prohibited unless a valid "Order of Registration" has been issued by the Division of Florida Land Sales and Condominiums of the Department of Business Regulation. Section 498.023, Florida Statutes (1979). To obtain an Order of Registration a "subdivider" must file an Application for Registration which must include among many other things a description of the proposed promotional sales plan, copies of proposed advertising material, a proposed public offering statement and proposed forms of contracts to be entered into with purchasers. §§ 498.027(1)(u), (v), (o), 498.035 and 498.037, Fla. Stat. (1979). If the Application for Registration is approved the Division issues an Order of Registration (§ 498.029(2), Fla. Stat. (1979)).
Section 498.033(3), Florida Statutes (1979), provided in part:
After an order of registration has been issued no material change, alteration, or modification of the offering shall be made by the subdivider[1] without first notifying the division in writing and obtaining written approval from the division. (emphasis added)
Section 498.059, Florida Statutes, provides that any person who willfully violates any *74 provision of this chapter is guilty of a felony.
By an amended information appellant was charged with 28 counts of a violation of sections 498.033(3) and 498.059, Florida Statutes (1979), each count charging that
Sidney Leonard Jaffe, as president of Atlantic Commercial Development Corporation, a Delaware corporation, ... did ... unlawfully, after an order of registration had been issued, willfully make a material change, alteration or modification of said order of registration by issuing a Quit Claim Deed to [a named purchaser of subdivided lands], without first notifying the Division of Florida Land Sales and Condominiums in writing and obtaining written approval. (emphasis added)
Appellant was convicted and sentenced on the 28 counts and also for failure to appear in violation of section 843.15(1)(b), Florida Statutes (1981), and appeals arguing many points.
In 1972 the Continental-Southeast Land Corp., a corporation (Continental), as subdivider and registrant, filed an application for registration as to certain subdivided lands known as St. Johns Riverside Estates in Putnam County, Florida. The registration statement showed the lands were subject to three mortgages aggregating $2,727,145.39, one of which was to Nortek Properties, Inc. The Division entered an Order of Registration and designated the form of public offering statement (§§ 498.031(1)(a), (b), 498.029(2)) permitting subdivided lots to be offered to the public for sale. Between 1972 and 1976 Continental sold many lots on installment agreements for deed. In 1976 Continental conveyed the record title to the subdivided lands in question to Ruby Mountain Construction and Development Company, which corporation in turn conveyed to Atlantic Commercial Development Corporation (Atlantic). When 28 purchasers under agreements for deed with Continental completed payment of their purchase price and became entitled to a deed, there was an ongoing dispute between Atlantic and Nortek as to individual lot releases. Because lot releases had not been obtained from Nortek as to these 28 lots, Atlantic, acting through its president, the appellant Sidney L. Jaffe, executed and delivered quitclaim deeds to the 28 purchasers rather than warranty deeds as was promised by Continental in the agreements for deed. The issuance of those 28 quitclaim deeds is alleged in the charging document against appellant as the specification or factual basis for the charge or accusation that appellant, as president of Atlantic, willfully made a material change, alteration or modification of the Order of Registration.
Apparently the theory of the prosecution was that because the form of agreement for deed submitted by Continental with its application for registration and entered into by Continental with the 28 contract purchasers provided that Continental would, upon payment of the purchase price, deliver insurable title by warranty deed, performance of that contract provision became a part of the Order of Registration and the delivery of the quitclaim deeds by appellant as president of Atlantic, altered, changed or modified the Order of Registration.
Appellant claims the amended information charging the 28 counts of unlawful land sales practice fails to state a cause of action in that the statute prohibits a material unapproved change, alteration or modification of "the offering" issued while each count of the charging document alleges appellant made a material change, alteration or modification of the "the Order of Registration" by issuing a quitclaim deed to a purchaser of subdivided lands. The State contends "the offering" means the Order of Registration.
The statute does not define the word "offering" but section 498.005(9), Florida Statutes (1979), defines the word "offer" to mean any inducement, solicitation, or attempt to encourage a person to acquire any interest in subdivided lands. The statute does create ambiguity as to the meaning of the word "offer" because it refers to subdivided lands "offered" [apparently to the Division] for registration by the application for registration (see § 498.027(1)(a), (c), (f), (g), (h), (i), and (j), Fla. Stat. (1979)) and also *75 to the subdivider's offer of registered lands to the public for sale (see §§ 498.021(3), 498.023(1), 498.025, Fla. Stat. (1979)). In some instances the word "offering" is equated to an offer to sell or dispose (see section 498.023(4)) and other times it refers to the public offering statement (see section 498.024(5), Fla. Stat. (1981)). Because of this ambiguity and because the statute fails to define the meaning of "the offering" as used in section 498.033(3), appellant claims the statute is unconstitutionally vague.
Obviously "the offering" as used in this statute must refer to something that was in existence before the Order of Registration was issued and concerning which it is within the power of the subdivider to change, alter or modify but which the legislature considered should not be changed, altered or modified without prior approval of the division. This implies matters that are submitted with the application to the Division for approval which the subdivider could thereafter change, alter or modify and use as a false, misleading and fraudulent method (§ 498.003(2), Fla. Stat.) in offering subdivided lands for public sale so as to wrongfully induce, solicit or encourage persons to acquire (buy) interests in the subdivided lands (§ 498.005(9)). Three tangible matters required to be submitted with the application for registration for approval by the Division fit this description. They are (1) the proposed advertising material (§ 498.027(1)(u)), (2) the proposed public offering statement (§ 498.027(1)(v)), and (3) the proposed contracts and other agreements which a purchaser is required to execute (§ 498.027(1)(o)).
On the other hand, the Order of Registration, as defined in section 498.005(10), Florida Statutes (1979), is the license from the state which evidences the grant of registration status to a specific registrant for specific subdivided lands. There appears to be no real opportunity or reason for the subdividers to alter the Division's order of registration nor would such an alteration pose any great danger to the public. Therefore, the words "the offering" in section 498.033(3), Florida Statutes (1979), do not mean or include the order of registration and the 28 counts charging unlawful land sales practices are defective in failing to allege a material change, alteration or modification of the offering which is the conduct prohibited by section 498.033(3), Florida Statutes (1979).
In view of the fact that the charging document in this case alleges a change, alteration or modification of the order of registration and that order is not included in any one of these three categories it is unnecessary for us to now decide the exact meaning of the word "offering" as used in section 498.033(3), Florida Statutes (1979). Likewise, because we decide this case on the basis of the failure of the charging document to state a criminal cause of action under this statute and because we conclude that even if the charging document accurately tracked the statute the proof at trial would not sustain those allegations, we do not reach the constitutional questions presented and this opinion should not be construed to even impliedly uphold the constitutionality of this statute as against the claim that it is too vague and ambiguous to reasonably apprise a person of the conduct he must avoid in order to keep from being guilty of a felony crime.[2]
The trial court instructed the jury that the issuance of quitclaim deeds to the 28 contract purchasers in lieu of warranty deeds as provided in the agreements for deed was, as a matter of law, a material change, alteration or modification of the order of registration. Even if "the offering" in section 498.033(3) included the order of registration (which we hold it does not), it is reversible error for a trial court in a criminal jury case to direct a verdict against the defendant on a material fact issue such as whether certain alleged acts were or were not material to some other *76 matter or thing. Whether or not any alleged change, alteration or modification of the offering is material in a given instance depends on the substance of the change, alteration or modification and the subject matter in context and, as in fraud and similar cases, is a question of fact for the jury.[3]See Smith v. State, 399 So.2d 70 (Fla. 5th DCA 1981).
For the reasons given the judgments and sentences relating to the unlawful land sales practices charges (Case No. 80-564) are reversed. However, we find no reversible error as to appellant's conviction for his failure to appear at his scheduled trial (Case No. 80-413) and that conviction is affirmed.[4]
AFFIRMED IN PART; REVERSED IN PART.
DAUKSCH and SHARP, JJ., concur.
NOTES
[1] This statute was amended by Laws 1981, c. 81-177, § 10, effective July 1, 1981, to substitute the word "registrant" for the word "subdivider." Section 498.005(13) defines registrant as a person specifically named in the order of registration. Appellant was not named in the order of registration in this case. However, since the statute read "subdivider" at the time of the acts alleged in the information and the statute (§ 498.005(16), Fla. Stat.) broadly defines subdivider as any person who owns any interest in subdivided lands or who is engaged in the disposition of subdivided lands there is no problem as to this matter in this case.
[2] Section 498.003(4), Florida Statutes (1981), states this law is remedial as well as penal in purpose, then implies that some portions are remedial and to be liberally construed. However, § 498.059 makes a willful violation of any provision of this chapter penal.
[3] An exception to the statement that materiality is a question of fact for the jury in a criminal case is not applicable here. In the trial of the charge of perjury in a prior judicial proceeding, the question as to whether the defendant's sworn statement in the prior judicial proceeding was material to some issue in the prior proceeding is a question of law for the court. See § 837.021(2), Fla. Stat. (1981); Wolfe v. State, 271 So.2d 132 (Fla. 1972).
[4] The charging document and the judgment refer to § 843.15(1)(b) which refers to a release in connection with a misdemeanor. However the body of the specifications refers to the felony charges of unfair land sales practices. There has been no claim of prejudice as to this scrivener's error and it has been considered harmless.