463 So.2d 318 (1984)
Sidney JAFFE, Petitioner,
v.
The Honorable Edwin SANDERS, As Judge, Etc., Respondent.
No. 84-1783.
District Court of Appeal of Florida, Fifth District.
December 27, 1984.
Rehearing Denied February 8, 1985.
*319 Michael L. Von Zamft of Kravitz & Von Zamft, Hialeah, and Fletcher N. Baldwin, Jr., Gainesville, for petitioner.
No appearance for appellee.
COWART, Judge.
This case involves double jeopardy and collateral estoppel.
Petitioner, Sidney Jaffe, was first charged, tried, convicted and sentenced as to twenty-eight counts of unlawful land sales practices allegedly in violation of sections 498.033(3) and 498.059, Florida Statutes (1979). Those convictions and sentences were reversed by this court not because of any insufficiency of the evidence to establish a properly charged crime but because the charging document failed to state a criminal cause of action, in that, the cited statutes prohibited material changes, alterations or modifications in the subdivider's offering and the charging document in that prosecution alleged that Jaffe had made a material change, alteration or modification of the order of registration. Jaffe v. State, 438 So.2d 72 (Fla. 5th DCA 1983).
Jaffe has now been charged with the offense of organized fraud as proscribed by section 817.036, Florida Statutes (1981), it being alleged that he fraudulently obtained money from certain persons by misleading them to believe he would deliver them marketable title to certain property.
Petitioner moved to dismiss the organized fraud charge on the grounds of double jeopardy and collateral estoppel. The trial judge denied those motions. This is a petition for this court to issue its writ of prohibition to bar Jaffe's continued prosecution on the organized fraud charge on the same two grounds asserted in the motions to dismiss before the trial court.
There is no double jeopardy impediment to prosecution of the organized fraud charge against Jaffe by virtue of the prior unlawful land sales practice charges *320 in that, even if the two criminal prosecutions related to the exact same factual circumstances (and they do not), the two statutory offenses involved are substantively different in that each statutory offense has many essential constituent elements that the other offense does not have. See Borges v. State, 415 So.2d 1265 (Fla. 1982); State v. Baker, 452 So.2d 927 (Fla. 1984); State v. Baker, 456 So.2d 419 (Fla. 1984); Monarca v. State, 412 So.2d 443 (Fla. 5th DCA 1982); Bartee v. State, 401 So.2d 890 (Fla. 5th DCA 1981); Preston v. State, 397 So.2d 712 (Fla. 5th DCA 1981). Furthermore, Jaffe, supra, in effect held the charging document in the first prosecution failed to allege a crime, therefore, Jaffe was never put in jeopardy of a valid conviction in the first prosecution.
There is no collateral estoppel impediment to prosecution of Jaffe on the organized fraud charge by virtue of the prior unlawful land sales practice prosecution because under that doctrine as set forth in Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), the first prosecution must result in a jury verdict that necessarily determines some fact in favor of the defendant which fact is contrary and inconsistent with some fact the prosecution must necessarily prove in order to prevail in the second prosecution. The jury in the first prosecution of Jaffe, unlike the jury in Ashe, found Jaffe guilty and therefore found no fact in favor of Jaffe. As to a defense of "former" jeopardy it makes no difference whether the first prosecution results in a conviction or acquittal but as to the doctrine of collateral estoppel the State is estopped to prosecute a second charge and relitigate a fact only when the State has in a collateral criminal case once suffered an adverse jury verdict as to some one fact which is essential to a successful prosecution of the subsequent charge and that only occurs when the defendant has been found not guilty in the first prosecution, as in Ashe.
WRIT DENIED.
ORFINGER and FRANK D. UPCHURCH, Jr., JJ., concur.