528 So.2d 1327 (1988)
Benny Richard ELLIS and Lena Elizabeth Ellis, Appellants,
v.
STATE of Florida, Appellee.
Nos. 87-1821, 87-1822.
District Court of Appeal of Florida, Fifth District.
August 4, 1988.
Albert C. Simmons, Cedar Key, for appellants.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
Benny and Lena Ellis, husband and wife, appeal their multiple convictions arising from a search of their home and adjacent shed, which revealed several hundred pounds of marijuana and paraphernalia.
Pursuant to information acquired from a citizen informant (a 12 year old child), the Marion County Sheriff's Department obtained a search warrant and found marijuana in the residence of the Ellises and in a padlocked storage shed in the backyard. Lena Ellis admitted to knowledge of the presence of the marijuana, but denied ownership or responsibility for it. Benny Ellis said he was keeping the contraband to discharge an obligation to a friend even though his wife objected to its presence. He admitted to ownership of a portion of the marijuana and to certain paraphernalia.
Benny and Lena Ellis were each charged with trafficking in cannabis, conspiracy to traffic in cannabis, cultivation of marijuana, and possession of drug paraphernalia. Lena Ellis was convicted of attempted trafficking and possession of drug paraphernalia. Benny Ellis was convicted as charged on all four counts.
The first issue the appellants raise relates to the validity of the warrant. We *1328 find this point to be without merit. See Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Moreover, the evidence seized pursuant to the allegedly defective warrant was introduced at trial without objection. See Roban v. State, 384 So.2d 683 (Fla.4th DCA), review denied, 392 So.2d 1379 (Fla. 1980); Jones v. State, 360 So.2d 1293 (Fla. 3d DCA 1978).
The second point on appeal concerns the sufficiency of the evidence to support the conviction for conspiracy against Benny Ellis, assuming, arguendo, sufficient evidence with regard to the substantive offense of trafficking. There was evidence adduced at trial, however, that Ellis had agreed with one John Venturi in advance to store an "item" in Ellis's home for one week for $2,000.00. The item, of course, was marijuana. This was sufficient to sustain the conspiracy count. See Bragg v. State, 487 So.2d 424, 426 (Fla. 5th DCA 1986).
In the third issue on appeal, Lena Ellis asserts error in the trial court's denial of her requested jury instruction on the vicarious liability of a spouse for the criminal activity of the other spouse. She also challenges the sufficiency of the evidence to convict her of any offense other than mere association with her husband. We agree with the state that Lena Ellis's proposed jury instruction on joint occupancy was encompassed by the standard jury instruction given by the trial court.
On the sufficiency issue, Ellis relies on the following conclusion from Miller v. State, 170 So.2d 319, 321 (Fla. 2d DCA 1964), cert. denied, 177 So.2d 475 (Fla. 1965).
Doris Miller's conviction, resting on nothing more than occupancy of the premises with her husband and children, must be reversed. The mere facts of the conjugal relationship and the joint occupancy of premises consistent with that relationship cannot, in the absence of evidence of knowing complicity, make one mate liable for the criminal activities of the other.
(Emphasis added). See also Alspaugh v. State, 133 So.2d 587 (Fla. 2d DCA 1961), cert. denied, 139 So.2d 693 (Fla. 1962).
We disagree with Lena Ellis's argument in regard to the sufficiency of the evidence in regard to attempted trafficking. There was abundant evidence of her "knowing complicity" in that offense; indeed, she kept the key to the padlock on the shed. The controlling case is Brown v. State, 428 So.2d 250, 252 (Fla. 1983), cert. denied, 463 U.S. 1209, 103 S.Ct. 3541, 77 L.Ed.2d 1391 (1983), wherein the Florida Supreme Court expressly held "that joint occupancy, with or without ownership of the premises, where contraband is discovered in plain view in the presence of the owner or occupant is sufficient to support a conviction for constructive possession."
We agree, however, that there was insufficient evidence to support the conviction of Lena Ellis for the offense of possession of drug paraphernalia. The charge was that she unlawfully possessed smoking devices, baggies and bags. All of the evidence adduced at trial, however, indicated that these items were owned or exclusively controlled by Benny Ellis, not by Lena Ellis.
Accordingly, we reverse the conviction under Count IV of the amended information of Lena Ellis for possession of paraphernalia; otherwise, the judgments below are affirmed.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED FOR RESENTENCING OF LENA ELLIS FOR ATTEMPTED TRAFFICKING.
ORFINGER and COWART, JJ., concur.