461 So.2d 284 (1985)
Carlos DiPAOLA, Appellant,
v.
STATE of Florida, Appellee.
No. 83-2102.
District Court of Appeal of Florida, Fourth District.
January 4, 1985.
*285 Channing E. Brackey and David R. Smith, Fort Lauderdale, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert L. Teitler, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Carlos Di Paola was charged by Information with trafficking in cocaine (Count I) and delivery of cocaine (Count II). He appeals his conviction of trafficking (Count I) and possession of cocaine (a lesser included offense of the charge of delivery of cocaine, Count II).
With one exception the matters complained of by appellant, Di Paola, either do not constitute error or the error, if any, was harmless.
Appellant correctly points out that the trial court failed to instruct the jury that it could find him guilty, as to Count I, of the lesser included offense of possession of cocaine.
Possession of cocaine under Section 893.13(1)(e), Florida Statutes (1983), is a category 1 (one step removed) lesser included offense of trafficking in cocaine under Section 893.135(1)(b), Florida Statutes. Fla. Std. Jury Instr. (Crim.), p. 274.
Failure to give an instruction on the next immediate lesser included offense is per se reversible error. State v. Abreau, 363 So.2d 1063 (Fla. 1978).
We disagree with the state's position that there was no evidence to support a finding of possession (which would implicate Rule 3.510(b), Florida Rules of Criminal Procedure).
The conviction and sentence on Count II is affirmed. We reverse as to Count I and remand for new trial.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED FOR NEW TRIAL.
ANSTEAD, C.J., and HERSEY and HURLEY, JJ., concur.