MILLS, Judge.
Wetherby appeals from consecutive sentences for armed robbery. Section 812.-13(2)(a), Florida Statutes (1983). He contends the trial court erred in departing from the recommended sentencing guidelines range. We affirm.
After pleading guilty to two separate and distinct armed robberies, Wetherby was sentenced to two consecutive three-year terms of imprisonment. The trial court gave no reasons for departing from the guidelines, although the recommended range based on Wetherby’s point total was 3½ to 4½ years incarceration.
Florida Rule of Criminal Procedure 3.701(d)(9) provides:
Mandatory sentences: For those offenses having a mandatory penalty, a scoresheet should be completed and the guideline sentence calculated. If the recommended sentence is less than the mandatory penalty, the mandatory sentence takes precedence. If the guideline sentence exceeds the mandatory sentence, the guideline sentence should be imposed.
We interpret this rule to mean otherwise permissible consecutive mandatory minimum sentences which exceed the recommended range may be imposed without regard to Florida Rule of Criminal Procedure 3.701(d)(ll). The Second District Court of Appeal is in accord. Lightfoot v. State, 459 So.2d 1157 (Fla. 2d DCA 1984).
Because Wetherby’s crimes carried mandatory minimum sentences of three years incarceration, Section 775.087(2), Florida Statutes (1983), the trial court could impose consecutive three-year sentences without giving reasons for departure.
AFFIRMED.
NIMMONS, J., and PEARSON, TILLMAN (Ret.), Associate Judge, concur.