483 So.2d 743 (1986)
Jimmy Lee BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 85-207.
District Court of Appeal of Florida, Fifth District.
January 23, 1986.
As Clarified on Denial of Rehearing February 27, 1986.
*744 Charles R. Trulock, Jr., Orlando, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
The defendant appeals his convictions for trafficking in cocaine and possession of more than 20 grams of cannabis, and the sentences imposed. Appellant argues that the evidence was insufficient to sustain a finding that he was in possession of contraband which was found in the trunk of a borrowed vehicle in which he was merely a passenger; that the trial court erred in failing to instruct the jury as to all lesser included offenses; and that no clear and convincing reasons support the departure from the recommended guideline sentence.
On March 15, 1984, the appellant and another male were stopped by an officer who had observed them driving slowly through a motel parking lot in a car without a permanent license tag and with no temporary tag visible. Upon approaching the vehicle, the officer observed a plastic *745 bag containing a green vegetable matter above the visor on the driver's side. While retrieving the plastic bag from the visor, the officer noticed another cellophane packet containing similar material in the back seat behind where the passenger had been seated. The driver, Jack Stokes, was found to have an expired driver's license and after being placed in the patrol car, he asked if he could give the keys to the automobile to the appellant. It was established that the car belonged to neither the appellant nor Stokes but rather to the mother of Stokes's girlfriend.
In response to a question about his driver's license and clothing, the appellant voluntarily opened the back of the trunk and showed the contents to the officer. The trunk was full of his clothes as well as a duffle bag with a scale and strainer protruding. The officer testified that he noted the odor of marijuana emanating from the trunk and a subsequent search revealed the strainer, a scale, a 16 oz. bottle of mannitol,[1] two containers containing 10.8 and 66.6 grams of cocaine respectively, as well as a garbage bag containing a brick-like block of cannabis weighing approximately 17 pounds. A fingerprint identified and stipulated to be that of the appellant was found on one of the containers of cocaine.
There was conflicting testimony as to which of the two occupants had borrowed the vehicle, and there was no direct testimony as to the ownership of the contraband in the trunk of the car. Appellant contends that the State has not met its burden of showing that he had actual or constructive possession and control of the contraband in the trunk.[2] With certain exceptions not applicable here, section 893.13(1)(e), Florida Statutes (1983) makes it unlawful for any person to be in actual or constructive possession of a controlled substance. For purposes of this section, actual possession exists where the accused has physical possession of the controlled substance and knowledge of its illicit nature. Hively v. State, 336 So.2d 127 (Fla. 4th DCA 1976). To establish constructive possession, the State must show that the accused had dominion and control over the contraband, knew the contraband was within his presence and knew of the illicit nature of the substance. Brown v. State, 428 So.2d 250 (Fla. 1983), cert. denied, 463 U.S. 1209, 103 S.Ct. 3541, 77 L.Ed.2d 1391 (1983).
Appellant relies on Dean v. State, 406 So.2d 1162 (Fla. 2d DCA 1981), rev. denied, 413 So.2d 877 (Fla. 1982) and Metzger v. State, 395 So.2d 1259 (Fla. 3d DCA 1981) as support for the proposition that finding the contraband along with his clothes in the trunk of a vehicle which he did not own and in which he was riding as a passenger is not a sufficient basis on which to predicate a finding of actual or constructive possession. These cases are easily distinguishable. In Metzger, the defendant was a passenger on a boat owned and operated by his co-defendant, and there was no evidence to indicate that the defendant knew of the existence of the contraband or had the ability to control it. In Dean, the driver of the car put a brown paper bag containing marijuana in the trunk of the car. There was no evidence presented that the passenger even knew what was in the bag, much less that he had any ability to control it. Here, however, the defendant's fingerprint was found on one of the baggies of cocaine, and this fact along with the other proven facts was a sufficient basis upon which the jury could find that the contraband belonged to the defendant, that he had placed it in the trunk with his clothes and that he maintained control over it. Cf. Shad v. State, 394 So.2d 1114 (Fla. 1st DCA), rev. denied, 402 So.2d 613 (Fla. 1981).
*746 Appellant next contends that the trial court erred in refusing to instruct the jury on necessarily included lesser offenses.[3] On the trafficking charge, a first degree felony, appellant contends that the jury should have been instructed on sale, manufacture, delivery or possession with intent to sell cocaine (section 893.13(1)(a)1), a second degree felony; bringing cocaine into the state, a second degree felony (section 893.13(1)(d)), and possession of cocaine, a third degree felony (section 893.13(1)(e)), relying on Bell v. State, 437 So.2d 1057 (Fla. 1983). Bell did hold that the offenses listed by appellant were necessarily lesser included offenses of trafficking, but that holding in Bell was receded from in Rotenberry v. State, 468 So.2d 971 (Fla. 1985) where the court held:
Section 893.135 is sufficiently different from the provisions of section 893.13 to allow multiple punishments at the same trial because the state need not prove a violation of 893.13(1)(a), (d), and (e), but only violation of at least one of those provisions. Each of the subsections thus is not in itself a necessarily included offense of trafficking, for purposes of multiple punishment in a single trial. [Footnote omitted; emphasis in original].
Id. at 976-977.
The trial court did not err in refusing to instruct the jury on sale, possession or bringing into the state as necessarily lesser included offenses of trafficking. Except for attempt, no category 2 lesser offense is listed in the schedule under trafficking. Similarly, the court did not err in refusing to give an instruction as to any lesser included offense under section 893.13(1)(e), because no category 1 lesser offense is listed. Possession of less than 20 grams of cannabis is listed as a category 2, or permissive lesser included offense, and the refusal to charge on that offense was proper because it was not supported by the evidence. Fla.R.Crim.P. 3.510(b).
We do agree, however, that we must vacate appellant's sentence because the trial court's departure from the recommended guidelines sentence of 12-17 years' incarceration is based on impermissible reasons. Defendant's prior record has been disapproved as a basis for departure because it is a factor which is used in calculating the presumptive sentence. Hendrix v. State, 475 So.2d 1218, (Fla. 1985). Lack of remorse has been similarly held to be an impermissible reason for departure. Shelton v. State, 478 So.2d 433 (Fla. 5th DCA 1985). The third reason given was appellant's "extensive drug involvement," which is nothing more than a variation of appellant's prior record, made impermissible by Hendrix. We therefore vacate appellant's sentences and remand the case for resentencing in accordance with the guidelines, unless a clear and convincing reason is given for departure.
*747 Convictions AFFIRMED; sentences VACATED and REMANDED.
COBB, C.J., and SHARP, J., concur.
NOTES
[1] The officer testified that this was an alcohol substance used to cut cocaine, in other words, to increase its quantity and reduce its potency.
[2] No issue is raised as to the contraband found in the passenger compartment of the automobile.
[3] It is the practice of the trial judge in this case to require counsel to indicate, at the commencement of trial, which standard jury instructions are to be requested. Defense counsel need not type any of the standard jury instructions, but must designate them by number. However, the court does require that requested instructions on lesser included offenses be typed out. This procedure, although communicated to defense counsel prior to trial, was not complied with. Instead, on the form provided, counsel merely requested "lesser included offenses." We do not find it unreasonable for a trial judge to require defense counsel to at least tell the court which offenses counsel considers to be lesser included. The trial judge should not have to guess at what counsel wants, at the risk of being reversed on appeal if he guesses wrong. This would be a "gotcha" maneuver which we should not condone. We need not, and thus do not, rule on the question raised here as to whether the failure by defense counsel to comply with the court's order constitutes a waiver of any such instruction or fails to preserve the issue for appeal. At the very most, a mere request for "lessers," without more, could be considered as a request by the defendant for those offenses listed as lesser offenses on the Schedule of Lesser Included Offenses in the Florida Standard Jury Instructions in Criminal Cases, and if the court instructs the jury on those listed offenses, this should satisfy the request and a defendant should not later be heard to complain that he didn't ask for them or that the court should not have so instructed the jury. We note that counsel for appellant on appeal was not trial counsel.