497 So.2d 1327 (1986)
Hattie BUTLER, Appellant,
v.
STATE of Florida, Appellee.
No. 85-2606.
District Court of Appeal of Florida, Fourth District.
November 26, 1986.
Jane D. Fishman, Nova University Law Center, Fort Lauderdale, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Amy Diem, Asst. Atty. Gen., West Palm Beach, for appellant.
*1328 GLICKSTEIN, Judge.
This is an appeal of a final order, adjudicating appellant guilty of trafficking in cocaine. We reverse.
Appellant was charged by information with delivery of cocaine to a police officer in an amount greater than twenty-eight grams but less than 200 grams (trafficking in cocaine by delivery), contrary to sections 893.135(1)(b)(1) and 893.03(2)(a)(4), then charged by information with delivery of cocaine to a police officer contrary to sections 893.03(2)(a)(4) and 893.13(1)(a)(1), Florida Statutes (1985). She was found guilty as charged and was sentenced to seven years imprisonment with a mandatory minimum of three years.
At trial evidence was adduced to show that appellant delivered a "sample" of cocaine to an undercover police officer, Danzella Brooks, on June 26, 1985, by handing it to him and, on June 28, 1985, delivered twenty-eight grams or more but less than 200 grams of cocaine to Officer Brooks' partner, undercover police officer Evelyn Heath, by handing it to her. This evidence corresponded with the informations against appellant which charged her with trafficking in cocaine by delivery and with delivery.
At the charge conference, after agreeing on the general and entrapment instructions, the trial court and counsel addressed the specific charge instructions and the issue of lesser included offenses. On the charge of trafficking, the court and counsel were all in agreement that since trafficking was charged, in the information, as delivery, that was the only aspect of the trafficking statute that the jury would be instructed on. Appellant's attorney then asked for lesser included offenses to trafficking of delivery or possession, at first thinking the penalties would be the same. The trial court ruled that possession would not be applicable to the codefendant Cockett, who was merely present at the delivery, but agreed that simple delivery had to be charged as a lesser included offense to trafficking by delivery as to both defendants. Delivery was required to be charged because there was a question raised by the evidence as to whether the cocaine delivered weighed twenty-eight grams or more. In addition, simple delivery was also the second charge against appellant.
Appellant's attorney then requested that possession of cocaine also be charged as a lesser included offense to trafficking by delivery and delivery, which the trial court refused.
The issue is whether the trial court erred in refusing to instruct the jury on simple possession as a lesser included offense to trafficking in cocaine. We conclude that it did.
Appellee concedes that under Di Paola v. State, 461 So.2d 284 (Fla. 4th DCA 1985), the trial court should have instructed the jury as to possession, but contends that Di Paola has been receded from in Rotenberry v. State, 468 So.2d 971 (Fla. 1985). Unlike Rotenberry, the present case does not involve the issue of double jeopardy and is thus distinguishable. See Weller v. State, 11 F.L.W. 1779, 1779-80 (Fla. 4th DCA Aug. 13, 1986). See also Fla.R.Crim.P. 3.510(b).
The trial court agreed here that there was evidence presented as to possession. Under Di Paola and Weller, it erred in not instructing the jury on possession as it is a category one (one step removed) lesser included offense of trafficking. Fla.Std. Jury Instr. (Crim.) 274. Failure to give an instruction on the next immediate lesser included offense is per se reversible error. State v. Abreau, 363 So.2d 1063 (Fla. 1978).
ANSTEAD, J., and WARNER, MARTHA C., Associate Judge, concur.