PER CURIAM.
The appellant, Keith Allen, appeals the sentence imposed upon his conviction for conspiracy to sell or deliver cocaine. This sentence was ordered to be served concurrently with a minimum mandatory sentence for appellant’s conviction for trafficking in 200 grams or more of cocaine. We affirm the appellant’s convictions and the sentence imposed on the trafficking conviction but reverse the sentence imposed on the conspiracy charge.
The appellant was charged by information with trafficking in twenty-eight grams or more of cocaine (count I), with conspiracy to traffic in twenty-eight grams or more of cocaine (count II), and with trafficking in 200 grams or more of cocaine (count III). All three offenses were alleged to have occurred on March 20, 1985. A jury found the appellant not guilty on count I, guilty of the lesser included offense of conspiracy to sell or deliver cocaine on count II, and guilty as charged of trafficking in 200 grams or more of cocaine on count III. The court sentenced the appellant to five years imprisonment for conspiracy to sell or deliver cocaine and imposed a concurrent five year minimum mandatory sentence plus a $100,000 fine for the trafficking in cocaine conviction. The guideline scoresheet reflected a recommended sentencing range of three and one-half to four and one-half years incarceration. The only written reason given for the departure sentence was “Minimum Mandatory Sentence Imposed.” This timely appeal followed.
We find no error in the imposition of the minimum mandatory five year sentence for trafficking in cocaine (count III), a violation of section 893.135(l)(b)(2), Florida Statutes (1983), because Florida Rule of Criminal Procedure 3.701(d)(9) provides that for those offenses having a mandatory penalty, the mandatory sentence takes precedence if the recommended sentence is less than the mandatory penalty. See Thorne v. State, 496 So.2d 891 (Fla. 2d DCA 1986); see also, Allen v. State, 479 So.2d 257 (Fla. 2d DCA 1985). The trial court, furthermore, was not required to provide any written reason for its imposition of the minimum mandatory sentence for that charge. See Wetherby v. State, 469 So.2d 862 (Fla. 1st DCA 1985). The conviction for conspiracy to sell or deliver cocaine (count II), a violation of sections 777.011, 777.04, and 893.13(l)(a)(l), Florida Statutes (1983), however, carried no minimum mandatory sentence. Consequently, the separate sentence imposed for that offense, see Fla.R.Crim.P. 3.701(d)(12), could not exceed the guideline sentence unless *656 the trial court provided a clear and convincing written reason for the enhancement. See Fla.R.Crim.P. 3.701(d)(ll). The imposition of the minimum mandatory sentence on the trafficking charge was not a valid reason to impose a sentence in excess of the guideline sentence on the conspiracy charge. See generally, Thome.
Accordingly, we affirm the appellant’s conviction on both charges as well as the minimum mandatory sentence imposed on the trafficking charge. We, however, vacate the concurrent five year sentence imposed on the conspiracy charge and remand for imposition of a sentence within the guideline range on that charge to be served concurrently with the minimum mandatory sentence on the trafficking charge. See Thome.
Affirmed in part, reversed in part, and remanded.
SCHEB, A.C.J., and CAMPBELL and SCHOONOVER, JJ., concur.