511 So.2d 1037 (1987)
Jewel May DAOPHIN, Appellant,
v.
STATE of Florida, Appellee.
No. 4-86-1628.
District Court of Appeal of Florida, Fourth District.
August 5, 1987.
Richard L. Jorandby, Public Defender, and Louis G. Carres, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Jr., Atty. Gen., Tallahassee, Noel A. Pelella and Barry Weisman, Asst. Atty. Gen., West Palm Beach, for appellee.
LETTS, Judge.
The defendant was charged with trafficking in cocaine by delivery in excess of 400 grams thereof. At the charge conference the defendant requested, but was denied, an instruction on simple possession of cocaine. This was error.
We concede that the schedule of lesser included offenses adjacent to trafficking in cocaine by delivery, which is found in the Standard Jury Instructions in Criminal Cases, would not appear, under Category 1, to require an instruction on simple possession if the charging document only alleges delivery.[1]Id. at 1234. However, in Butler v. State, 497 So.2d 1327 (Fla. 4th DCA 1986), this very court concluded that an instruction on the lesser included offense of simple possession is required when a defendant is charged with trafficking in cocaine by delivery.
Notwithstanding, we are cognizant of possible tension between Butler and the Standard Instructions. Accordingly, and believing the outcome to be of great public *1038 importance, we certify the following question to our Supreme Court:
MUST A JURY BE INSTRUCTED ON SIMPLE POSSESSION OF COCAINE PURSUANT TO SECTION 893.13(1)(e), FLORIDA STATUTES, WHERE THE INFORMATION CHARGES TRAFFICKING BY DELIVERY [AND ONLY BY DELIVERY] IN AN AMOUNT GREATER THAN 400 GRAMS PURSUANT TO SECTION 893.135(1)(b)(3), FLORIDA STATUTES?
All other points on appeal are affirmed.
REVERSED AND REMANDED.
GUNTHER, J., concurs.
GLICKSTEIN, J., concurs specially with opinion.
GLICKSTEIN, J., concurring specially.
I concur that this is a reversal, but also agree that the subject question should be certified. The court first held, in DiPaola v. State, 461 So.2d 284 (Fla. 4th DCA 1985), that where the defendant has been charged with trafficking in cocaine, possession of cocaine under section 893.13(1)(e), Florida Statutes (1983), is a category 1 (one step removed) lesser included offense of trafficking in cocaine under Section 893.135(1)(b), Florida Statutes (1983). The opinion cited to Florida Standard Jury Instructions (Criminal), p. 274. Id. at 285.
That page of the criminal jury instructions to which the court cited, reads as follows with respect to trafficking in cocaine and category 1:

CHARGED OFFENSES CATEGORY 1
Trafficking in cocaine 893.135(1)(b) 893.13(1)(a) if sale, manufacture or
 delivery is charged Bringing cocaine
 into state 89.13(1)(d) Possession of
 cocaine 893.13(1)(e)

The court then considered Butler v. State, 497 So.2d 1327 (Fla. 4th DCA 1986), in which the defendant was charged with different offenses, including trafficking in cocaine in an amount greater than 28 but less than 200 grams, by delivery, contrary to sections 893.135(1)(b)(1) and 893.03(2)(a)(4), Florida Statutes (1985). We said:
The issue is whether the trial court erred in refusing to instruct the jury on simple possession as a lesser included offense to trafficking in cocaine. We conclude that it did.
Id. at 1328.
In this case the defendant's alleged offenses included trafficking in cocaine by delivery in excess of 400 grams, contrary to sections 893.135(1)(b)(3) and 893.03(2)(a)(4), Florida Statutes (1985). My concurrence is written to indicate the path previously taken by the court and the recited reason for taking it.
NOTES
[1] Also see the Amendment to the Standard Criminal Jury Instructions, 508 So.2d 1221, 1234 (Fla. 1987), and Wilcott v. State, 509 So.2d 261 (Fla. 1987).