PER CURIAM.
Defendant Reginaldo Carvalho appeals a conviction and sentence for trafficking in cocaine in excess of 400 grams, maintaining that the trial court erred in failing to give an instruction on simple possession of cocaine. We agree and reverse.
Simple possession of cocaine is a category one necessarily included lesser offense of trafficking in cocaine; failure to give an instruction on the next immediate lesser included offense is per se reversible error. State v. Abreau, 363 So.2d 1063 (Fla.1978); Daophin v. State, 511 So.2d 1037 (Fla. 4th DCA 1987); Butler v. State, 497 So.2d 1327 (Fla. 4th DCA 1986); DiPaola v. State, 461 So.2d 284 (Fla. 4th DCA 1985); Smith v. State, 461 So.2d 1024 (Fla. 4th DCA 1985). Contra Brown v. State, 483 So.2d 743 (Fla. 5th DCA 1986). Although a defendant may waive his procedural right to have the jury instructed on necessarily included offenses, Carvalho’s stipulation that he possessed over 400 grams of cocaine was not the equivalent of a waiver. The supreme court has concluded that the defendant himself must expressly waive the right to these instructions, and that the record must reflect that the waiver was knowingly and intelligently made. Harris v. State, 438 So.2d 787 (Fla.1983).
Reversed and remanded.