514 So.2d 397 (1987)
Martha B. MUNROE, Appellant,
v.
STATE of Florida, Appellee.
No. BM-117.
District Court of Appeal of Florida, First District.
October 20, 1987.
*398 David P. Gauldin, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Royall P. Terry, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
FRANK, Judge.
Martha B. Munroe seeks to overcome the trial court's judgment and sentence stemming from a jury verdict in which she was convicted of conspiracy to traffic in an amount of cocaine exceeding 400 grams, conduct violative of section 893.135(4), Florida Statutes (1985). Munroe urges four points on appeal; i.e., (1) error in admitting the testimony of a FDLE agent, (2) the insufficiency of evidence disclosing the existence of a conspiracy, (3) an improper departure from the sentencing guidelines, *399 and (4) the trial court's refusal to instruct the jury on a lesser included offense. We have considered and find each of the asserted grounds meritless with the exception of the attack upon the departure sentence.
The setting from which this matter arose may be summarized as follows: Munroe was an active participant in a scheme to purchase cocaine. The vendors were undercover police officers who had fashioned a "reverse sting" operation. Although the ultimate sale, purchase and transfer of the cocaine was never completed, the evidence discloses that on April 3, 1985, Munroe, accompanied by Downing, met with Evans who was acting on behalf of the police officers as the go-between in their dealings with her. The meeting occurred in a motel room and as soon as Munroe and Downing arrived, Evans announced that the sellers had to be assured the purchase money was present. At Munroe's direction, Downing opened the suitcase and counted out $140,000. Munroe and Evans then left the room, Downing remained, and they drove to Quincy, Florida. They returned to the room where Downing was waiting, and after an hour or two had elapsed, Munroe and Evans went to another room in the motel where they met the undercover police officers. Munroe negotiated the purchase of 5 kilograms of cocaine and departed stating she would have someone test its quality. She went to the room where she had left Downing and together they went to a car and drove away. Downing was carrying the money-laden suitcase. Shortly thereafter, Munroe telephoned the motel room occupied by Evans and the police officers to report that she had seen a van in the motel parking lot and that someone was inside taking pictures. The sale aborted at that moment. Munroe and Downing departed driving west on Interstate 10; they were apprehended and arrested. The car and Downing were searched. The search of the car revealed a holstered gun between the front seats, a bottle of Clorox and the suitcase containing $155,000. The record discloses that Clorox is often used to test the quality of cocaine. Plastic bags were found in the suitcase and one of them bore Downing's fingerprints. Some of the money was found in a man's cowboy boots and socks. In searching Downing, the officers found that the walking shorts he was wearing under his jeans contained $1,362. Over Munroe's objection, Evans testified that he had met Munroe and Downing on an earlier occasion in Marathon, Florida, in connection with another cocaine transaction. We now turn to an analysis of the issues before us.
We find no merit in the contention grounded upon the testimony of the FDLE agent. Munroe has not offered and our search has not uncovered any authority to support the view that the agent had an obligation to advise her of the potential penalty at the time of her arrest. We agree with the state  the point is frivolous.
We have elected to review the sufficiency of the conspiracy evidence in spite of the fact that Munroe did not at any appropriate time invoke either Rule 3.380 or Rule 3.600 of the Florida Rules of Criminal Procedure. Generally, a challenge to the sufficiency of the evidence is not preserved for appellate review in the absence of either a motion for judgment of acquittal or a motion for new trial being tendered to the trial court. State v. Barber, 301 So.2d 7 (Fla. 1974); Crenshaw v. State, 490 So.2d 1054 (Fla. 1st DCA 1986). Munroe's codefendant, Downing, however, timely sought a new trial. Although we have found no authority squarely responsive to the question of whether Munroe can avail herself of Downing's motion for new trial, it seems evident in the context of an alleged conspiracy between two defendants that if one of the conspirators were discharged as a result of insufficient evidence to sustain the existence of a conspiracy, the non-moving defendant may become the beneficiary of that event. We are able to extract from Cravero v. State, 334 So.2d 152 (Fla. 3d DCA 1976), rev. denied, 342 So.2d 1103 (Fla. 1977), a logical basis for undertaking review of the sufficiency of the evidence. Having done so, we conclude that the evidence portrays Downing as vastly more than a passive bystander or a mere aider and abettor. Here, the evidence *400 disclosing Downing's involvement in the transaction, from its beginning to end, was sufficient to permit the jury's determination that he had formed a compact with Munroe to accomplish the purchase of and trafficking in cocaine. The evidence describing Downing's activities in furtherance of the criminal objective is adequate to overcome the absence of utterances implicating him as an active partner in the scheme. Circumstantial evidence, alone, will support a finding of the two essential elements composing a conspiracy  an agreement and an intention to commit a crime. See, Bragg v. State, 487 So.2d 424 (Fla. 5th DCA 1986). Contrary to Munroe's assessment of the record, adequate evidence was offered to the jury, albeit circumstantial, warranting its determination that Munroe and Downing had conspired to traffic in cocaine. See LaPolla v. State, 504 So.2d 1353, 1357 (Fla. 4th DCA 1987).
In sentencing Munroe the trial court relied upon six grounds as justification for the imposition of an enhanced sentence; it committed Munroe to eighteen years imprisonment and a fine of $250,000. Munroe's scoresheet calculation produced a presumptive sentence of 3 1/2 to 4 1/2 years. Rule 3.701(d)(9) of the Florida Rules of Criminal Procedure required the trial court to impose a mandatory minimum sentence of fifteen years. See § 893.135(1)(b)(3), Fla. Stat. (1985). Munroe's sentence, however, exceeded the fifteen year mandatory minimum by the addition of three years. We again apply the principle that when the mandatory minimum sentence is greater than the recommended sentence, the statutory sentence becomes the presumptive sentence. Wetherby v. State, 469 So.2d 862 (Fla. 1st DCA 1985). Thus, for the trial court properly to enhance the presumptive sentence, it was required to express clear and convincing reasons for the extended period. Pedraza v. State, 493 So.2d 1122 (Fla. 3d DCA 1986), rev. denied, 504 So.2d 768 (Fla. 1987). With the exception of the reason associated with the quantity of cocaine, see, e.g., Atwaters v. State, 495 So.2d 1219 (Fla. 1st DCA 1986), the trial court's bases for departure are invalid. The quantity of cocaine Munroe anticipated acquiring, notwithstanding it did not pass into her possession, is a valid reason for departure. Section 893.135(4), Florida Statutes (1985), provides that the punishment for conspiracy to commit the prohibited act is the same as if the act had been committed. The trial court noted in departing from the guidelines that it would enhance Munroe's sentence regardless of the number of reasons set forth in the order.[1] That statement will no longer save a departure sentence predicated upon reasons found to be valid and invalid. Griffis v. State, 509 So.2d 1104 (Fla. 1987).
In Albritton v. State, 476 So.2d 158 (Fla. 1985), we were told that the affirmance of an extended sentence based upon appropriate and inappropriate grounds would be sustainable only when the state establishes beyond a reasonable doubt that departure would have occurred absent the invalid reasons. Griffis sanctions the practice of according the trial court on remand an "opportunity to review and weigh the appropriate [departure] factors" when in the context of valid and invalid bases for departure the state fails to prove beyond a reasonable doubt that the trial court would have departed. Griffis, at 1104. We vacate Munroe's sentence and direct the trial court upon resentencing to reweigh the acceptable departure ground in revisiting her sentence.
In her final point on appeal Munroe urges the notion that the trial court erred in refusing to instruct the jury on conspiracy merely to possess cocaine as a necessarily lesser included offense of conspiracy to traffic in cocaine. If Munroe were correct in claiming entitlement to the lesser included instruction, the jury would have been able to exercise its "pardon power." State v. Wimberly, 498 So.2d 929, 932 (Fla. 1986). The trial court, however, did not err in rejecting the requested instruction. Munroe was charged in the information *401 with conspiracy to traffic in more than 400 grams of cocaine in violation of section 893.135(4), Florida Statutes (1985). We take as an ingredient in her theory that because a standard jury instruction in effect at the time of her trial, designates the possession of cocaine in violation of section 893.13(1)(e) as a necessarily lesser included offense of trafficking in cocaine, an alleged conspiracy to possess cocaine in an amount constituting "trafficking" required an instruction on the lesser included offense of conspiracy to possess cocaine.[2] Munroe's approach is bottomed upon sections 777.04(3) and 893.13(1)(e), Florida Statutes (1985). In her view, those provisions, treated together, generate the necessarily lesser included offense of conspiracy simply to possess cocaine, a crime she claims to be composed of elements embodied within the greater offense for which she was convicted. We disagree.
The general conspiracy statute, § 777.04(3), creates a distinct crime and is designed to punish "whoever agrees, conspires, combines, or confederates with another person or persons to commit any offense... ." The mere possession of contraband in violation of section 893.13(1)(e), Florida Statutes, exposes to prosecution any person "in actual or constructive possession of a controlled substance unless such controlled substance was lawfully obtained." On the other hand, the crime of conspiring to "traffic" in cocaine, as was charged in the information, is predicated upon at least one person agreeing, conspiring, combining or confederating with another "who knowingly sells, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, 28 grams or more of cocaine as described in s. 893.03(2)(a)4 or any mixture containing cocaine... ." § 893.135(1)(b), Fla. Stat. (1985). A significant difference exists between section 893.135(1)(b) and section 893.13(1)(e). In order for a person to commit the offense of trafficking it is not necessary that he be in "actual or constructive possession of a controlled substance." It is readily apparent without reference to graphic examples that a conspiracy to traffic within the state can be achieved without the conspirators ever coming into either actual or constructive possession of the contraband. A conspiracy to violate section 893.13(1)(e), however, is wholly dependent upon some form of possession being within the conspirators' capability. Hence, it cannot be said that the elements constituting the offense of "simple possession" are consistently embedded within the crime of "trafficking."
In sum, it is our judgment that the offense of simply conspiring to possess cocaine is, at best, a permissible lesser included offense of conspiracy to traffic. A permissible lesser included offense is one which may or may not be included in the charged offense. Wilcott v. State, 509 So.2d 261 (Fla. 1987). A jury instruction encompassing a permissible lesser included offense, in contrast to a necessarily lesser included offense, must be given only when the pleadings and the evidence demonstrate that the lesser offense is included in the charged offense. Wimberly; see Rule 3.510(b), Fla.R.Crim.P. Our review of the record results in the conclusion that no evidence exists to support Munroe's assertion that she conspired either to possess less then 28 grams of cocaine or that the cocaine she contemplated purchasing was for personal use. See United States v. Pirolli, 742 F.2d 1382, 1387 (11th Cir.1984), cert. denied, 471 U.S. 1067, 105 S.Ct. 2143, 85 L.Ed.2d 500 (1985). The object of the conspiracy was to acquire 5 kilos of cocaine, nothing less. Without evidence to support the requested instruction, the trial court did not err in declining Munroe's proposed charge.
We affirm Munroe's conviction but remand for resentencing consistent with this opinion.
WIGGINTON, J., concurs.
ERVIN, J., dissents with opinion.
*402 ERVIN, Judge, concurring and dissenting.
I concur with the majority on all but one issue addressed in its opinion. I agree with appellant that the lower court erred in refusing to instruct the jury on conspiracy to possess cocaine as a necessarily lesser included offense of conspiracy to traffic in cocaine.
The schedule of lesser included offenses consolidates into two categories the four categories of lesser included offenses established in Brown v. State, 206 So.2d 377 (Fla. 1968): Category 1 offenses  offenses that are necessarily included within the offense charged, and category 2 offenses  those that may or may not be included in the offense charged, depending on the accusatory pleadings and evidence in the case. In In the Matter of the Use by the Trial Courts of the Standard Jury Instructions in Criminal Cases, 431 So.2d 594, 597 (Fla. 1981), the Florida Supreme Court specifically approved the recommended schedule, stating:
The schedule of lesser included offenses is designed to be as complete a listing as possible for each criminal offense of the possible category 3 and category 4 lesser included offenses, which we direct to be renumbered category 1 and category 2. After its effective date of July 1, 1981, this schedule will be an authoritative compilation upon which a trial judge should be able to confidently rely.

(emphasis supplied)
Under the schedule of lesser included offenses, in effect at the time of the appellant's trial, possession of cocaine in violation of section 893.13(1)(e) was designated as a category 1 necessarily lesser included offense of trafficking in cocaine as proscribed by section 893.135(1)(b). In DiPaola v. State, 461 So.2d 284 (Fla. 4th DCA 1985), the Fourth District, citing to the schedule of lesser included offenses contained in the Florida Standard Jury Instructions (Criminal), held that the failure to instruct on possession of cocaine as a lesser included offense of trafficking in cocaine constituted reversible error. Following, however, the Fourth District's opinion in DiPaola, the Florida Supreme Court, in Rotenberry v. State, 468 So.2d 971 (Fla. 1985), without explicitly discussing the schedule, stated that the offenses of sale of cocaine and possession of cocaine were not necessarily lesser included offenses of the crime of trafficking in cocaine.
Rotenberry involved a defendant who had been charged and convicted under a three-count information with trafficking in cocaine, sale of cocaine, and possession of cocaine. This court had held that, as the offenses of sale and possession of cocaine were lesser included offenses of trafficking, the sentences for the two lesser offenses should be vacated pursuant to Section 775.021(4), Florida Statutes (1981).[1]Rotenberry v. State, 429 So.2d 378 (Fla. 1st DCA 1983). The Florida Supreme Court reversed, holding:
[W]e conclude that the legislature did not intend the charge of trafficking in cocaine to encompass possession and sale as lesser included offenses.... Section 893.135 [trafficking] is sufficiently different from the provisions of section 893.13 to allow multiple punishments at the same trial because the state need not prove a violation of 893.13(1)(a) [sale, manufacture, or delivery], (d) [bringing into the state] and (e) [possession], but only violation of at least one of those provisions. Each of the subsections thus is not in itself a necessarily included offense of trafficking, for purposes of multiple punishment in a single trial.
468 So.2d at 975, 976-977 (emphasis in original) (footnote omitted).
Although the supreme court in Rotenberry concluded that the offenses of possession and sale of cocaine were not lesser included offenses of trafficking under a double jeopardy analysis, there is at present inconsistency among the appellate districts as to whether the rationale in Rotenberry *403 should be extended to cases in which double jeopardy is not an issue. In Brown v. State, 483 So.2d 743 (Fla. 5th DCA 1986), the appellant, convicted of trafficking in cocaine, argued that the trial court erred in failing to instruct the jury on certain necessarily lesser offenses, including possession of cocaine. The Fifth District affirmed, holding that under Rotenberry these offenses were not necessarily lesser included offenses, and, therefore, no instruction need be given. Other opinions from the Fourth District, however, directly conflict with the Fifth District's interpretation of Rotenberry. In Butler v. State, 497 So.2d 1327 (Fla. 4th DCA 1986), the court held, referring to its pre-Rotenberry opinion in DiPaola, and again referring to the schedule of lesser included offenses, that possession of cocaine was a category 1 necessarily lesser included offense to trafficking. As Rotenberry involved specifically the issue of double jeopardy, the Butler court reasoned that DiPaola had not been overruled by Rotenberry and was still good law. See also Weller v. State, 501 So.2d 1291 (Fla. 4th DCA 1986) (jury should have been instructed regarding the lesser included offenses of conspiracy to traffic in cocaine, as the distinctions made in Rotenberry are not applicable to cases in which double jeopardy is not an issue).
The problem not explicitly addressed by the Fourth District, and one that I feel should be clarified, is the fact that in Rotenberry, as in the present case, the requested lesser included offense, e.g., possession of cocaine, was listed under the schedule of lesser included offenses, at the time of the appellant's trial, as a category 1 necessarily lesser included offense. Although possession of cocaine has since been deleted from the schedule as a necessarily included offense,[2] there may be other offenses in the present schedule which would also fail a double jeopardy analysis. Would such fact, however, relieve a trial judge from his or her obligation to instruct a jury on an offense that is designated in the schedule as necessarily included? Until any such offense is deleted, I seriously question whether a trial judge has any discretion to refuse to give an instruction on such an offense as lesser included. The employment of a double jeopardy analysis to an offense otherwise so listed in the schedule undermines the very purpose behind the publication of the schedule: Its use as "an authoritative compilation upon which a trial judge should be able to confidently rely." In the Matter of the Use by the Trial Courts of the Standard Jury Instructions in Criminal Cases, 431 So.2d at 597.
The fact that the defendant in this case was charged with conspiracy to traffic in cocaine, and requested a jury instruction on the necessarily lesser included offense of conspiracy to possess cocaine is inconsequential, as the added allegation of conspiracy does nothing to alter the underlying rationale contained in the schedule of lesser included offenses, e.g., that possession is a necessarily lesser included offense of trafficking for the purpose of jury instructions, regardless of any language in Rotenberry to the contrary.
It is true, as the majority recognizes, ante at 401, that one need not be in either the actual or constructive possession of a controlled substance in order to be guilty of the substantive offense of trafficking. Rotenberry itself says as much. Nor need one be in actual or constructive possession of contraband to be guilty of a conspiracy to traffic in contraband. But, if the Fourth District's analysis in Weller v. State is correct, the rationale used in Rotenberry is not applicable to cases  such as here  where double jeopardy is not an issue. The supreme court, following its decision in Rotenberry, indeed implies that whether or *404 not an offense may in fact be necessarily lesser included, if it is listed as such in the schedule, a requested instruction must be given: "The trial judge has no discretion in whether to instruct the jury on a necessarily lesser included offense. Once the judge determines that the offense is a necessarily lesser included offense, an instruction must be given." State v. Wimberly, 498 So.2d 929, 932 (Fla. 1986) (e.s.).
In my opinion, the majority's reasoning, although supported by Rotenberry and Brown, conflicts with Wimberly and the supreme court's own approved schedule of lesser included offenses in effect at the time of the appellant's trial. Given the clear mandate of the Florida Supreme Court in Wimberly that an instruction on a necessarily lesser included offense must be given, and its failure in Wimberly to make any distinction between the types of offenses, I am compelled under the circumstances to agree with those cases from the Fourth District holding that the failure to instruct the jury on the necessarily lesser included offense of possession of cocaine constitutes reversible error.
As the failure to instruct the jury on a lesser included offense that is one step removed from the charged offense constitutes reversible error, Wilcott v. State, 509 So.2d 261 (Fla. 1987); State v. Bruns, 429 So.2d 307 (Fla. 1983); Reddick v. State, 394 So.2d 417 (Fla. 1981), I would reverse and remand for a new trial.
NOTES
[1] We take the trial court's statement to mean that it would depart irrespective of the number of invalid reasons.
[2] But see, The Florida Bar Re Standard Jury Instructions  Criminal, No. 69,804 (Fla. May 28, 1987) [12 F.L.W. 259].
[1] Section 775.021(4) provides:

Whoever, in the course of one criminal transaction or episode, commits an act or acts constituting a violation of two or more criminal statutes, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense, excluding lesser included offenses, committed during said criminal episode...
(emphasis supplied).
[2] In revising the schedule of lesser included offenses in 1987, the Florida Supreme Court has apparently adopted its holding in Rotenberry, which ruled that possession of cocaine is not a necessarily lesser included offense of trafficking in cocaine, by deleting such offense from the schedule. See Florida Standard Jury Instructions (Criminal) (1987) at 283. See also The Florida Bar Re: Standard Jury Instructions Criminal Cases, 477 So.2d 985 (Fla. 1985) (opinion in Rotenberry v. State appears contrary to the underlying rationale of substantial portions of the schedule of lesser included offenses). Regardless of any changes subsequently made in the schedule, we are bound by the law in effect at the time of the appellant's trial. Castle v. State, 330 So.2d 10 (Fla. 1976); State v. Pizarro, 383 So.2d 762 (Fla. 4th DCA 1980).