530 So.2d 365 (1988)
Max Robert GARRISON, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1345.
District Court of Appeal of Florida, Fifth District.
August 4, 1988.
Rehearing Denied September 4, 1988.
*366 Kirk N. Kirkconnell, of Muller, Kirkconnell and Lindsey, P.A., Winter Park, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and W. Brian Bayly, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Chief Judge.
Garrison appeals from his conviction and sentence for trafficking in cocaine.[1] This charge is a first degree felony. Because in excess of 400 grams was involved, he was sentenced to the statutory mandated term of 15 years of imprisonment, and a $250,000.00 fine. Appellant raises four points on appeal, three of which we find have no merit. However, the failure of the trial court to instruct on lesser included offenses requires us to reverse his conviction and remand for a new trial.
The information in this case alleged that Garrison did "knowingly sell, deliver or possess (400) grams or more of cocaine... ." At trial, evidence was presented from which the jury could have found that Garrison agreed to sell the cocaine to an undercover police officer, Peschau, in a parking lot at an Albertsons Drug Store. Garrison brought the cocaine in a box. He got into Peschau's truck and handed him the box. Peschau tested it to determine that the substance in the box was cocaine. He then signaled to other police officers who immediately seized Garrison and arrested him. Peschau did not tender any monies to Garrison.
Garrison's defense was that he had been pressured by Peschau to sell him the cocaine, and that Peschau kept increasing the amount. Garrison was a recently addicted cocaine user, who had never sold more than one gram prior to this time. He tried to back out of this transaction, but was frightened by Peschau's threats of violence.
The defense attorney requested jury instructions for two other drug offenses as lesser included offenses to trafficking  simple possession (§ 893.13(1)(e)), (a third degree felony), and sale, delivery or possession with intent to sell, purchase or deliver (§ 893.13(1)(a)1., (a second degree felony). The trial judge refused to give any drug offense instructions other than the one on trafficking. Under the instructions and the verdict form, the jury had the option to find that the two lesser amounts (28 grams or more, and 200 grams or more) were involved in this crime. Under the trafficking offense statute (§ 893.135(1)(b)), had the jury found Garrison guilty under one of the lesser amounts, he would have received a less severe mandatory prison term and a smaller fine.
We reject the state's argument that the two other categories of amounts under the trafficking statute constitute lesser included offenses of that provision. Rather, the stepped-up amounts constitute, in our view, different degrees of punishment for the same offense.[2]
*367 The issue, therefore, is whether or not simple possession (§ 893.13(1)(e)) and sale or possession (§ 893.13(1)(a)) are lesser included offenses of the crime of trafficking. On this issue, for double jeopardy purposes, our supreme court has not held a steadfast course. Compare Bell v. State, 437 So.2d 1057 (Fla. 1983); with Rotenberry v. State, 468 So.2d 971 (Fla. 1985), receded from, Carawan v. State, 515 So.2d 161 (Fla. 1987); abrogation recognized, Hall v. State, 517 So.2d 678 (Fla. 1988).
However, in Carawan v. State, 515 So.2d 161 (Fla. 1987), the court receded sufficiently from Rotenberry, supra., that we think that both for double jeopardy purposes as well as required jury instructions, sections 893.13(1)(e) and 893.13(1)(a)(1) must be considered to be lesser included offenses of the trafficking statute.[3] Failure to give an instruction on these offenses in this trafficking case is reversible error. In defense of the trial judge, however, we note that Carawan was decided some months after Garrison's trial was conducted.
We do not think it necessary to determine whether or not section 893.13(1)(e) and/or section 893.13(1)(a)(1) are necessarily lesser included offenses of trafficking under criminal rule 3.510(b) because they are at least permissively included,[4] category two offenses, and the evidence and information in this case sufficiently charged and would sustain Garrison's conviction under either one. Therefore, both requested instructions should have been given. See Munroe v. State, 514 So.2d 397 (Fla. 1st DCA 1987), rev. den., 519 So.2d 987 (Fla. 1988); Daophin v. State, 511 So.2d 1037 (Fla. 4th DCA 1987); Wilcott v. State, 509 So.2d 261 (Fla. 1987); State v. Wimberly, 498 So.2d 929 (Fla. 1986); State v. Bruns, 429 So.2d 307 (Fla. 1983).
REVERSED AND REMANDED.
ORFINGER and DANIEL, JJ., concur.
NOTES
[1] §§ 893.135(1)(b)(3); 893.03(2)(a)(4), Fla. Stat. (1985).
[2] Section 893.135(1)(b), Florida Statutes (1985) states that the "felony shall be known as `trafficking in cocaine,'" and then delineates different punishments based on amount.
[3] Because Brown v. State, 483 So.2d 743 (Fla. 5th DCA 1986), relied on Rotenberry for its holding that possession and sale were not lesser offenses of trafficking, we conclude that Brown has been overruled sub silentio, by Carawan.
[4] See Carvalho v. State, 513 So.2d 1321 (Fla. 3rd DCA 1987), which held that possession of cocaine is a necessarily lesser included offense of trafficking; and Gordon v. State, 528 So.2d 910 (Fla. 2d DCA 1988) (sale of cocaine and possession with intent to sell the same cocaine are necessarily included offenses for double jeopardy purposes; certifying question to the supreme court). Cf. Munroe v. State, 514 So.2d 397 (Fla. 1st DCA 1987), rev. den., 519 So.2d 987 (Fla. 1988) (conspiracy to possess cocaine is, at best, a permissible lesser included offense of conspiracy to traffic); Daophin v. State, 511 So.2d 1037 (Fla. 4th DCA 1987) (instruction on lesser included offense of simple possession was required where defendant was charged with trafficking in cocaine by delivery).