533 So.2d 761 (1988)
STATE of Florida, Petitioner,
v.
Jewel May DAOPHIN, Respondent.
No. 70995.
Supreme Court of Florida.
October 20, 1988.
Rehearing Denied December 9, 1988.
Robert A. Butterworth, Atty. Gen. and Alfonso M. Saldana, Asst. Atty. Gen., West Palm Beach, for petitioner.
Richard L. Jorandby, Public Defender and Louis G. Carres, Asst. Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for respondent.
SHAW, Justice.
We review Daophin v. State, 511 So.2d 1037 (Fla. 4th DCA 1987), to answer a certified question of great public importance.[1] We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Respondent Daophin was convicted of trafficking in cocaine by delivery in excess of 400 grams contrary to section 893.135(1)(b)3, Florida Statutes (1983). Relying on the authority of Butler v. State, 497 So.2d 1327 (Fla. 4th DCA 1986), the district court reversed because the trial court had refused to instruct the jury on simple possession of cocaine, section 893.13(1)(e), Florida Statutes (Supp. 1984), as a lesser included offense. In doing so, the district court acknowledged that possession of cocaine was not a category one necessarily lesser included offense under Florida Standard Jury Instructions in Criminal Cases which were in effect at the time.
Section 893.135(1)(b) reads as follows:
(b) Any person who knowingly sells, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, 28 grams or more of cocaine as described in s. 893.03(2)(a)4. or of any mixture containing cocaine is guilty of a felony of the first degree, which felony shall be known as "trafficking in cocaine." If the quantity involved:
1. Is 28 grams or more, but less than 200 grams, such person shall be sentenced to a mandatory minimum term of imprisonment of 3 calendar years and to pay a fine of $50,000.

*762 2. Is 200 grams or more, but less than 400 grams, such person shall be sentenced to a mandatory minimum term of imprisonment of 5 calendar years and to pay a fine of $100,000.
3. Is 400 grams or more, such person shall be sentenced to a mandatory minimum term of imprisonment of 15 calendar years and to pay a fine of $250,000.
Under the statute, the offense may be proven under five alternatives: (1) knowingly selling; (2) knowingly manufacturing; (3) knowingly delivering; (4) knowingly bringing into the state; or (5) knowingly being in possession of 28 grams or more of cocaine. The schedule of lesser included offenses, page 274, Florida Standard Jury Instructions (Criminal), recognized that instructions on lesser included (category one) offenses would be given as follows: (1) section 893.13(1)(a) if sale, manufacture, or delivery is charged; (2) section 893.13(1)(d) if bringing cocaine into the state is charged; or (3) section 893.13(1)(e) if possession of cocaine is charged.[2] The state chose by its allegations to narrow the charge to trafficking by delivery only. In addition to the primary charge of trafficking by delivery of over 400 grams of cocaine (section 893.135(1)(b)3), the jury was instructed on three lesser included offenses: (1) trafficking by delivery of over 200 but less than 400 grams of cocaine (section 893.135(1)(b)2); (2) trafficking by delivery of over 28 but less than 200 grams of cocaine (section 893.135(1)(b)1); and (3) delivering 28 grams or less of cocaine (section 893.13(1)(a)). The last offense is a second-degree felony, the first are first-degree felonies with minimum mandatory sentences.
The question for us is whether the jury instructions are in error in not listing simple possession as a necessarily lesser included offense of the trafficking by delivery. Alternatively stated, may an accused be guilty of delivery without actually or constructively possessing the contraband? Through the law of principals, it is quite possible for an accused to aid, abet, counsel, hire, or otherwise procure the delivery of contraband without having actual or constructive possession of the contraband. § 777.011, Fla. Stat. (1983). The case at hand is illustrative. Respondent was one of five codefendants. One of the defendants set up a sale of over 1,000 grams of cocaine to an undercover police officer. Respondent and the three other codefendants assisted in the delivery of the contraband. The total operation involved five people and three different vehicles. While it is clear that all five defendants were principals in the delivery, it cannot be said that all five were principals in the possession of the contraband. Thus, the answer to the certified question is no. Simple possession is not a necessarily lesser included offense of trafficking by delivery.
Respondent also argues that even if she were not entitled to an instruction on possession as a necessarily included lesser offense (category one), she was entitled to an instruction on possession as a permissive lesser included offense (category two). We disagree. In order to be entitled to instructions on category two offenses, both the accusatory pleadings and the evidence must support the commission of the permissive lesser included offense. In the Matter of the Use By the Trial Courts of the Standard Jury Instructions in Criminal Cases and the Standard Jury Instruction in Misdemeanor Cases, 431 So.2d 594, 596 (Fla. 1981); Brown v. State, 206 So.2d 377, 383 (Fla. 1968). Here, the state chose to limit its charge to trafficking. There is no accusatory charge of possession.
We disapprove and quash the decision below and remand for proceedings consistent with this opinion. To the extent they conflict with the decision here, we disapprove *763 Butler v. State, 497 So.2d 1327 (Fla. 4th DCA 1986), and DiPaola v. State, 461 So.2d 284 (Fla. 4th DCA 1985).
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD and GRIMES, JJ., concur.
BARKETT and KOGAN, JJ., dissent.
NOTES
[1] Daophin, 511 So.2d at 1038:

MUST A JURY BE INSTRUCTED ON SIMPLE POSSESSION OF COCAINE PURSUANT TO SECTION 893.13(1)(e), FLORIDA STATUTES, WHERE THE INFORMATION CHARGES TRAFFICKING BY DELIVERY [AND ONLY BY DELIVERY] IN AN AMOUNT GREATER THAN 400 GRAMS PURSUANT TO SECTION 893.135(1)(b)(3), FLORIDA STATUTES?
[2] In Rotenberry v. State, 468 So.2d 971 (Fla. 1985), we held that §§ 893.13 and 893.135 addressed separate offenses and that crimes under the former section were not necessarily lesser included offenses under the latter section. Consequently, the standard jury instructions were then amended to provide that there were no necessarily lesser included offenses (category one) to § 893.135 and to reclassify the former category one offenses as category two, permissive lesser included offenses. The Florida Bar Re Standard Jury Instructions  Criminal, 508 So.2d 1221, 1234-35 (Fla. 1987).