SHARP, Judge.
Kelly appeals from his convictions and sentences for trafficking in cocaine,[1] possession of cocaine,[2] and possession of drug paraphernalia.[3] He received separate sentences for each crime, a fine, and a sentence of four years imprisonment to be followed by six years probation on the trafficking count, and a four year sentence of imprisonment on the possession of cocaine count — all sentences to run concurrently. We affirm all but the conviction and sentence for possession of cocaine.
*801 The record in this case shows that all of the crimes charged relate to the same quantum of cocaine in Kelly’s possession at the time of his arrest. The crimes were committed prior to the amendment of section 775.021(4), Florida Statutes (Supp.1988). Therefore, pursuant to Carawan v. State, 515 So.2d 161 (Fla.1987) and Garrison v. State, 530 So.2d 365 (Fla. 5th DCA 1988), the possession of cocaine conviction must be quashed. See State v. Burton, 555 So.2d 1210 (Fla.1989).
The vacation of the conviction for possession of cocaine does not, however, remove sufficient points from Kelly’s score under the guidelines to drop him into the next lowest bracket, based on his. remaining two convictions. His sentencing bracket remains three and one-half to four and one-half years. Thus, we affirm the convictions, sentences and time given for the trafficking and possession of paraphernalia crimes.
AFFIRMED in part; sentence and conviction for possession of cocaine QUASHED.
COBB and COWART, JJ., concur.

. § 893.135(l)(b)l„ Fla.Stat. (1987).

. § 893.147(1), Fla.Stat. (1987).

.§ 893.13(l)(f), Fla.Stat. (1987).