W. SHARP, Judge.
Randolph appeals his conviction for the offense of unlawful sale, delivery or possession with intent to sell or deliver a controlled substance.[1] Randolph argues that the trial court erred in refusing his request to instruct the jury on the charge of simple possession, a permissive lesser included (category 2) offense.[2] We agree.
To be entitled to an instruction on a category 2 offense, both the accusatory pleadings and the evidence must support the commission of the permissive lesser included offense. State v. Daophin, 533 So.2d 761 (Fla.1988); Wilcott v. State, 509 So.2d 261 (Fla.1987); Brown v. State, 206 So.2d 377 (Fla. 1968). Since the information filed against Randolph and the state’s evidence at trial would support a conviction for the offense of simple possession, Randolph was entitled to an instruction on that charge. Accordingly, we reverse his conviction and remand for a new trial. Garrison v. State, 530 So.2d 365 (Fla. 5th DCA 1988).
GOSHORN and PETERSON, JJ., concur.

. § 893.13(l)(a)l„ Fla.Stat. (1989).

. § 893.13(l)(f), Fla.Stat. (1989).