PER CURIAM.
Defendant, James Kellom, seeks review of a conviction after a jury trial.
Defendant was charged and convicted of sale and/or delivery of heroin (Count I) and possession of cannabis (Count II). During the charging conference, defendant requested an instruction on possession of heroin as a category two lesser included offense of Count I. The court denied the request and, thereafter, sentenced defendant to six years incarceration on Count I and one year incarceration on Count II, both sentences to run concurrently.
Defendant complains that he was entitled to instructions on a permissive lesser included offense of possession of heroin because the evidence supports the proposition that such a lesser included offense had been committed. In support of this argument, defendant urges that delivery presupposes possession because one cannot deliver something unless one exercises dominion and control over it.
In order to be entitled to instructions on category two offenses, both the accusatory pleadings and the evidence must support the commission of the permissive lesser included offense. State v. Daophin, 533 So.2d 761, 762 (Fla.1988); In the Matter of the Use By the Trial Courts of the Standard Jury Instructions in Criminal Cases and the Standard Jury Instruction in Misdemeanor Cases, 431 So.2d 594, 596 (Fla.1981). In other words, the state must elect to prosecute or not prosecute a person for possession of heroin when charging sale or delivery of heroin. A defendant is not entitled to a jury *93 instruction on possession unless the element of possession is necessarily part of the charge filed. Hutchinson v. State, 580 So.2d 257 (Fla. 1st DCA 1991).
In this case, the information charged defendant only with sale and/or delivery of heroin, and not with possession of heroin. Thus, he was not entitled to an instruction on possession of heroin as a permissive lesser included offense.
Accordingly, the trial courts decision is affirmed.
Affirmed.