ALTENBERND, Judge,
concurring.
I concur, but express my concern that Florida law occasionally permits a prosecutor to thwart a defendant’s request for a jury instruction on a lesser offense, even when the lesser offense is the better description of the crime actually committed. I do not question a prosecutor’s discretion to choose between two offenses of varying degrees when eharg-. ing a defendant. See Fayerweather v. State, 332 So.2d 21 (Fla.1976). I do question whether it is constitutional for a prosecutor to block a defendant’s right to an instruction on a lesser offense by omitting undisputed facts from the information.
Mr. Weekfall was under investigation by the Polk County Sheriffs Office for possible drug activity. When he learned that deputies had asked his girlfriend for consent to search his home without a warrant, he went to a sheriffs substation and confronted Deputy Michael Wiggins. Mr. Weekfall told the deputy that if he returned to Mr. Weekfall’s home, he would not leave alive. The deputy believed Mr. Weekfall’s threat was serious.
Mr. Weekfall was arrested for corruption by threat against a public servant, a third-degree felony. § 838.021, Fla. Stat. (1993). This statute prohibits a person from threatening unlawful harm to any public servant with the intent or purpose to influence the performance of any act or omission which the person believes to be within the official discretion of the public servant. This statute seems to precisely describe Mr. Weekfall’s conduct.
The state’s information charged Mr. Week-fall with extortion, a second-degree felony. § 836.05, Fla. Stat. (1993). The information alleges that Mr. Weekfall
on the 21st day of December, 1994, in the County and State aforesaid, with intent thereby to compel Michael Wiggins to refrain from doing an act against the will of the said Michael Wiggins, to-wit: conduct an investigation, maliciously did threaten an injury to the person of Michael Wiggins, in violation of section 836.05, Florida Statutes contrary to the form of the statute in such eases made and provided and against the peace and dignity of the State of Florida.
At trial, the prosecutor referred to the victim as “Deputy” Wiggins in his opening statement. The evidence established that Deputy Wiggins was a public servant. In closing, the prosecutor described the victim as a “hard working police officer.” Nevertheless, the information omitted the title “deputy” before Michael Wiggins’ name. Because of this one-word omission, the trial *620 court correctly denied Mr. Weekfall’s request for an instruction on the lesser offense of threatening a public servant.[1]
Florida law requires that a permissive lesser offense be described not only in the evidence but also in the accusatory pleadings before a defendant is entitled to an instruction on that offense. Cave v. State, 613 So.2d 454 (Fla.1993); State v. Daophin, 533 So.2d 761 (Fla.1988). This rule also applies to the state’s request for instructions on a lesser included offense. State v. Von Deck, 607 So.2d 1388 (Fla.1992). Because the state controls the content of its own information, this rule is not harsh when applied to the state. It seems odd, however, that a defendant, who is protected by the rule of lenity against ambiguity in the Florida Criminal Code, has no protection against omissions in the information. § 775.021(1), Fla. Stat. (1993).
Normally, a greater offense subsumes all of the elements of a necessarily lesser offense and contains one or more additional elements. In this case, the permissive lesser offense contains an element omitted in the greater offense. If one reviews the permissive lesser offenses in the schedule of lesser included offenses, there are other examples of permissive lesser offenses that contain additional elements. Fla. Std. Jury Instr. (Crim.) 285-303. For example, vehicular homicide is a permissive lesser offense of first-degree murder. Under the holding in Daophin, the defendant presumably would not be entitled to an instruction on vehicular homicide, as a lesser offense, unless the indictment included the words “car” or “motor vehicle.” See 533 So.2d at 762. At least in a capital case, a strict application of the rule in Daophin appears to be unconstitutional. See Beck v. Alabama, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980); Rembert v. Dugger, 842 F.2d 301 (11th Cir.), cert. denied, 488 U.S. 969, 109 S.Ct. 500, 102 L.Ed.2d 536 (1988).
In this case, there is no dispute that the victim was a public servant and that Mr. Weekfall was deprived of the option of allowing the jury to convict him of the third-degree felony merely because the state omitted the word “deputy” from the information. When such undisputed facts are omitted from an information, and those facts support an offense that can only be a lesser offense and not an additional offense, I believe the defendant should be entitled to an instruction on that lesser offense. Because of the rule announced in Daophin, I am required to concur in this opinion.

. Arguably, the word "official'' before "investigation” would have also allowed for the instruction on the lesser offense.